[No. 3,526.]

## PIO PICO v. ANTONIO CUYAS.

DEFENSE IN UNLAWFUL DETAINER.—If the lessor of a hotel, after the lease is made, enters into a contract of partnership in keeping the hotel with the lessee, which contract is carried into execution, the lessee may prove the same as a defense in an action of unlawful detainer afterwards brought by the lessor to recover possession of the premises.

APPEAL from the County Court of Los Angeles County.

The plaintiff, on the third day of March, 1870, leased to the defendant the Pico House, in Los Angeles, at a monthly rental of $570.

This was an action of unlawful detainer brought March 4th, 1872, to recover possession of the premises for failure to pay the rent. The defendant, in his answer, alleged that after the lease was made, he and the plaintiff entered into a co-partnership in keeping the hotel. On the trial, the Court below excluded all evidence on behalf of the defendant of the partnership. The plaintiff recovered judgment, and the defendant appealed. The other facts are stated in the opinion.

*Kewen & Howard* and *Ganahl,* for the Appellant.

*Glassell, Chapman & Smith,* for the Respondent.

By the Court, NILES, J.:

The Court erred in refusing to allow the defendant to prove the alleged partnership between the plaintiff and defendant. The evidence, if admitted, would have shown a state of facts almost identical with those presented in the case of *Pico* v. *Cuyas, ante,* p. 174, where we held similar evidence admissible in an action to recover the rent claimed to be due upon the lease. It was equally admissible in defense of a summary proceeding for a forfeiture of the lease for non-payment of rent. For this error the

judgment must be reversed upon the authority of the case cited.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.