[No. 4,253.]

# PIO PICO v. A. CUYAS.

LAW OF A CASE.—When the Supreme Court has settled the law of a case, the Court below has no right to assume that the law is otherwise than as settled because of statements in affidavits filed in the Court below, that the party in whose favor the law was settled, claims that it is otherwise.

UNLAWFUL DETAINER.—A party cannot recover possession of premises under the Act allowing an action of unlawful detainer to be brought against a tenant holding over or failing to pay rent, unless the relation of landlord and tenant exists by convention.

PARTNER CANNOT MAINTAIN UNLAWFUL DETAINER AGAINST COPARTNER.—If the owner of a hotel leases the same, and then enters into such a partnership with the lessee, as to destroy the lease, he cannot afterwards maintain an action of unlawful detainer against his partner and former tenant.

REVERSAL OF JUDGMENT IN UNLAWFUL DETAINER.—If judgment passes against the defendant in unlawful detainer, and the plaintiff is placed in possession of the premises, and the defendant appeals, and the judgment is reversed, the defendant is entitled to be restored to the possession, even if the plaintiff has rented the premises to a tenant.

APPEAL from the County Court, County of Los Angeles.

This is the second appeal in the above cause. The first is reported in 47 Cal. 180, where the facts are stated. Upon the reversal of the judgment, and the granting of a new trial as stated in the opinion in 47 Cal.; and when the remittitur had been filed with the Clerk of the Court below, the defendant moved to be restored to the possession of the hotel. He had, when the judgment in favor of Pico was rendered, been turned out of possession under a writ of restitution, and Pico had rented the hotel to one Knowlton, who took the lease with knowledge of the pendency of the action, and of the appeal.

On the hearing of the defendant's motion to be restored to the possession, the plaintiff, Pico, filed an affidavit of Charles Knowlton, stating that he had, on the 24th of March, 1873, leased the hotel and furniture from Pico, for the term of two years, upon the payment of a monthly rent of seven hundred and fifty dollars. The affidavit then proceeded thus:

"For further answer, he avers it is true he had 'knowledge of the suit adjudicated in the County Court, and of its pendency on appeal in the Supreme Court,' but avers that he had knowledge at the same time that said Cuyas had disavowed any right to the possession in his own right, and only claimed to have previously had some right to such possession as the member of a partnership which had long before that time been dissolved. As respects the decision of the Supreme Court, respondent avers that the same was not rendered until long after the execution of his said lease and his entry thereunder upon said premises, and that, therefore, he could not have had any knowledge of the same prior to his said entry.

"Further answering, respondent avers that he has been informed and verily believes that said Cuyas has no right, interest or estate whatever in said Pico House or in said furniture, or in any part of either, and no right in the possession of the same; that said Pico did, long prior to the execution of respondent's lease, make what purported to be a lease of the said house alone to the said Cuyas; that said so-called lease never, in point of fact, went into operation or vested in said Cuyas, any right whatever to the possession of said house; that said Cuyas never entered into possession of said house under said so-called lease or paid any rent in accordance with its terms, but that the only entry thereon ever made, and the only possession ever had by him of said house was rendered in pursuance of an alleged partnership in the business of hotel keeping entered into by said Cuyas and said Pico.

"That said so-called lease was, as claimed and asserted by said Cuyas, wholly suspended and set aside by the terms of said alleged partnership, and the effect thereof as a lease destroyed; that said Cuyas, at divers times and upon divers occasions, and especially upon the trial in the County Court of the cause of *Pico* v. *Cuyas,* referred to in the affidavit of said Cuyas, stated upon oath that the said so-called lease to him had been merged and superseded by the said partnership, and the said Cuyas upon that and other occasions further stated that he had no in-

terest whatever in said furniture, but that the same was wholly owned by the said Pico; that before accepting the lease aforesaid, respondent had full notice of the foregoing and other statements and declarations of said Cuyas; and further, that if any partnership had ever in fact existed between said Pico and Cuyas, the same had been long before that time wholly dissolved; that respondent, relying on the statement and representations of said Cuyas respecting the said so-called lease, and knowing that said partnership, if it had ever existed, had been dissolved, was induced thereby to take the lease aforesaid from said Pico."

The Court below denied the defendant's motion to be restored to the possession, and he appealed from the order.

*Howard* and *Ganahl*, for the Appellant.

That a plaintiff must restore to his opponent any advantage he obtained through his judgment, upon its reversal, is a very ancient doctrine. (*Jones* v. *Harker*, 5 Mass. 264; *Cummings* v. *Noyes*, 10 Mass. 433; *Jackson* v. *Cadwell*, 1 Cowen, 644: *Bank of United States* v. *Bank of Washington*, 6 Peters, 8.)

The Supreme Court of California have indorsed the position in *Reynolds* v. *Harris* 14 Cal. 667. They have sustained *Reynolds* v. *Harris* in *Polack* v. *Shafer*, (46 Cal. 270.)

*Glassell, Chapman & Smith*, for the Respondents.

Knowlton had a right to infer, and did in fact infer, from the oft repeated avowals of Cuyas, that he was in possession as Pico's partner, and in that character only.

If he is to be restored, then, to what he hath actually lost, he is to be restored as the partner of Pico. But Pico has sold out, and he had a right as partner to sell, and such sale, *ipso facto*, worked a dissolution. Knowlton then became by his purchase of the term, a tenant in common with Cuyas, according to Cuyas' own showing, so that it is clearly impossible to remit him back to his status before the judgment.

By the COURT:

In *Pico* v. *Cuyas* (47 Cal. 175), this Court said: " We do not think that the effect of the contract proven was to change or modify the terms of the lease, or to work a surrender of it. The two contracts are entirely separate and distinct." This was adopted as the law of the present case. (*Pico* v. *Cuyas*, 47 Cal. 180.) The Court below, therefore, was not authorized to assume that the law was otherwise, because of a statement in an affidavit that the defendant claimed that "the so-called lease was wholly suspended and set aside by the alleged contract of copartnership." But if it could be assumed that such was the legal effect of the agreement of copartnership, the plaintiff could never recover the possession in the present form of action, because the relation of landlord and tenant did not exist by convention.

The existence of the partnership and the non-existence of the lease when the action for unlawful detainer was brought, would always constitute a defense to that action. The dissolution of the partnership would not aid the plaintiff to a recovery in the County Court. When that Court determined, on motion, that the plaintiff had a right to the possession, without reference to his asserted right under the lease, it, in effect, tried a supposed action of ejectment (in which no pleadings had been filed, and no jury was impaneled) upon *ex parte* affidavits.

Order reversed and cause remanded, with directions to the Court below to sustain the motion of Cuyas. Remittitur forthwith.

RHODES, J. and CROCKETT, J., dissenting in part:

After the plaintiff had obtained judgment in the County Court, a writ was issued, and under it he was put in possession of the premises. The judgment of the County Court having been reversed, and the cause remanded, the defendant moved the County Court that he be restored to the possession of the premises, and this motion was denied. From this order the appeal is taken.

This order is not an appealable order. It is not express-ly enumerated as such in the Code, and it is not a "special order made after final judgment," for there was no final judgment when the order was made. The order may be re-viewed on an appeal from the judgment.

If the order was properly before us for review, we think, the opinion of the majority of the Court establishes that the plaintiff was entitled to be restored to the possession.