VALENTINE LIPP v. CARY M. HUNT.

[FILED APRIL 1, 1890.]

1. **Forcible Entry and Detainer**: JUDGMENT FOR PLAINTIFF: REVERSAL: DEFENDANT ENTITLED TO POSSESSION. In an action of forcible entry and detainer, judgment in the court below was rendered in favor of the plaintiff, and a writ of restitution issued and the plaintiff put in possession. The case was taken on error to the supreme court, where the judgment was reversed and the cause remanded. No supersedeas bond was given by the plaintiff in error. *Held*, That on the reversal of the judgment he was entitled to be restored to the possession of all the real estate from which he had been evicted and then in possession of the defendant in error.

2. ———: REVIEW. Where, on the reversal of a judgment for the possession of real estate by the supreme court, the district court overrules a motion to reinstate the plaintiff in error therein and also includes an order quieting the title of the defendant in error, there being nothing before the reviewing court to show what was in issue in the case, only the errors relating to the ruling on the motion will be considered.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*B. G. Burbank, John L. Webster,* and *Winfield S. Strawn,* for plaintiff in error, on the point that the reversal of the judgment entitled plaintiff in error to an order of restitution from the district court, cited: Freeman, Judgments,

sec. 481, 482; *Reynolds v. Harris*, 14 Cal., 667; *Polack v. Shafer*, 46 Id., 275; *Bank v. Bank*, 6 Pet. [U. S.], 19; *Delano v. Wilde*, 11 Gray [Mass.], 17 ; *Flemings v. Riddick*, 5 Gratt. [Va.], 272 [50 Am. Dec., 119]; *Jones v. Bradshaw*, 16 Id., 355; *Talbot v. Bell*, 5 B. Mon. [Ky.], 320; *Lowry v. Jenkins*, 3 Bibb [Ky.], 314 [43 Am. Dec., 131]; *Corwith v. Bank*, 15 Wis., 317; *Wakeley v. Delaplaine*, Id., 614; *Smith v. Robinson*, 1 Mon., 14; *Breading v. Blocher*, 29 Pa. St., 347; *Dater v. R. Co.*, 2 Hill [N. Y.], 629; *Holland v. Adair*, 55 Mo., 48; *Martin v. Woodruff*, 2 Ind., 238.

*Charles Offutt*, in reply to the contention, cited : *Lipp v. Hunt*, 25 Neb., 91; *Pettit v. Black*, 13 Id., 142; *C., B. & Q. R. Co. v. Skuppa*, 16 Id., 346; *Morrill v. Taylor*, 6 Id., 246; Freeman, Judgments, secs. 116, 264, 265, 525; *McAusland v. Pundt*, 1 Neb., 244.

MAXWELL, J.

In May, 1886, the defendant in error brought an action of forcible entry and detainer against the plaintiff in error and on the trial recovered judgment. The case was then appealed to the district court, where the judgment was affirmed. This judgment was rendered on the 19th day of July, 1887, and on the next day a writ of restitution was issued, and the plaintiff in that action (defendant in error) put into possession. The case was thereupon brought into this court and reversed. (*Lipp v. Hunt*, 25 Neb., 91.) On the 15th of February, 1889, the mandate from this court was received by the district court and afterwards a motion was filed to restore the possession of the premises to Lipp. This motion was filed on the 23d of February, 1889, but no ruling seems to have been had thereon until the 11th of May of that year when the court overruled the motion and apparently in another action rendered a decree quieting the title of Hunt in the premises. What the

issues were in that case we have no means of knowing, as none of the pleadings are set out in the record, and no matter relating to that case can therefore be considered in this. The question presented therefore is, Did the court err in overruling the motion to reinstate the plaintiff in error on the reversal of the judgment? Of this there can be no doubt. A judgment when reversed becomes a mere nullity and the party aggrieved has the right to be restored to what he has lost by the erroneous decision. (*Flemings v. Riddick's Exr.*, 5 Gratt., 272; *Corwith v. State Bank*, 15 Wis., 317; *Wakeley v. Delaplaine et al.*, 15 Wis., 614; *Polack v. Shafer*, 46 Cal., 275; *Breading v. Blocher*, 29 Pa. St., 347; *Bank of U. S. v. Bank of Wash.*, 6 Pet., 19; *Dater v. Troy, etc., Co.*, 2 Hill, 629.)

Having obtained possession by means of an erroneous judgment, and that being reversed, there is nothing to sustain his claim of right and he must surrender the same until by the judgment of a court upon matters put in issue by the pleadings he shall be declared to be entitled to the possession thereof.

There having been no supersedeas bond, the right to recover under our statute will, at least until the final determination of the case, be limited to such of the real estate as at the time of the reversal was still possessed by the defendant in error. (*Parker v. Courtnay*, 28 Neb., 605.) This makes it unnecessary to consider the second point in the plaintiff in error's brief.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.