HATHAWAY et al. v. McCONKIE,
District Judge, et al.

No. 5224.   Decided December 7, 1934.   (38 P. [2d] 300.)

*L. I. Layton,* of Salt Lake City, for plaintiffs.

*Ray Van Cott, Jr.,* of Salt Lake City, for defendants.

ELIAS HANSEN, Justice.

E. T. and Elida Hathaway have filed in this court a verified petition for a writ of mandamus. It is in substance alleged in the petition that prior to the 18th day of April, 1933, the petitioners were residing on and in the peaceful possession of a house and premises known as 365 West Thirty-third South street in Salt Lake county, Utah; that petitioners' possession and occupancy of such premises was under and by virtue of a written contract for the purchase thereof from Francis R. Cracraft and Marie Cracraft; that on September 30, 1932, Francis Le Roy Cracraft, Don Cracraft, Alvin Cracraft, Arthur Cracraft, and Lemo Cracraft brought an action against petitioners in the city court of Salt Lake City, Utah; that in such action the Cracrafts sought the cancellation and forfeiture of the contract under which petitioners were in possession of the property described in the contract and for a judgment ousting them from the premises; that upon issues joined in that action a trial was had resulting in a judgment canceling the contract and directing that the possession of the property be restored to the Cracrafts; that pursuant to the judgment so entered a writ of restitution was issued out of the city court and petitioners ousted from and the Cracrafts placed in the possession of the premises; that petitioners appealed from the city court judgment to the district court of Salt Lake county, Utah; that on October 24, 1933, the cause came on for trial in the district court before Hon. Oscar W. McConkie, one of the judges thereof; that at the commencement of the trial petitioners objected to the introduction of any evidence and moved that the cause be dismissed because the city court was without jurisdiction of the subject-matter of the action and that therefore the district court was likewise on appeal from the city court judgment without jurisdiction of the subject-matter of the action; that thereafter the Honorable Oscar

W. McConkie rendered a decision dismissing the appeal because of lack of jurisdiction of the subject-matter; that on January 13, 1934, petitioners on notice to the Cracrafts and their attorney moved the district court to enter a judgment of dismissal and for the re-restitution of the premises to the petitioners and for costs; that a proposed judgment containing a provision for re-restitution and for costs was at the time fixed in the notice presented to Judge McConkie for his signature, but he refused to make a judgment for the re-restitution and costs and insisted on making a judgment of dismissal only. Petitioners pray that a writ of mandamus issue out of this court requiring the trial court to enter an order for the restitution of the premises to the petitioners and for costs expended in the action which was ordered dismissed.

Upon the filing of the petition an alternative writ of mandamus was issued directing Judge McConkie to enter a judgment of dismissal with an order for re-restitution and costs in favor of the Hathaways or to show cause before this court why the same has not been done.

The defendants appeared within the time fixed by the writ and demurred to the petition upon the grounds: "(1) That the facts stated in the application for said writ did not entitle the petitioners to the relief prayed for, or to any relief. (2) That this court is without jurisdiction to control, or in any way direct the lower court in the exercise of its jurisdiction and discretion in refusing to grant to petitioner the relief demanded in said petition. (3) That it affirmatively appears from said application that the District Court exercised its jurisdiction, and judicially determined the question presented to it." No pleadings other than the demurrer have been filed in this proceeding by the defendants.

It is apparently conceded by the defendants that the district court did not divest itself of jurisdiction to grant the relief asked by the petitioners by entering its order dismissing the appeal. The law is well established that, upon the reversal of a judgment because of lack of jurisdiction, the court directing the reversal retains

jurisdiction of the parties and the subject-matter for the purpose of placing the parties in the same position that they were in before the judgment so rendered was entered. The law in such case is thus stated by the Supreme Court of the United States in the case of *Northwestern Fuel Co.* v. *Brock*, 139 U. S. 216, 11 S. Ct. 523, 524, 35 L. Ed. 151:

"But here the jurisdiction exercised by the court below was only to correct by its own order that which, according to the judgment of its appellate court, it had no authority to do in the first instance; and the power is inherent in every court, whilst the subject of controversy is in its custody, and the parties are before it, to undo what it had no authority to' do originally, and in which it, therefore, acted erroneously, and to restore, so far as possible, the parties to their former position. Jurisdiction to correct what had been wrongfully done must remain with the court so long as the parties and the case are properly before it, either in the first instance or when remanded to it by an appellate tribunal. * * *

"We are of opinion that the proceeding to enforce the restitution in the cases mentioned is under the control of the court, and that all needed inquiry can be had to guide its judgment in a summary proceeding, upon motion of the parties; the only requisite being that the opposite party shall be heard, so that in directing restitution no further wrong be committed. The restitution is not made to depend at all upon the question whether ôr not the court rendering the judgment reversed acted within or without its jurisdiction."

Other cases where the same doctrine is announced are *Texas L. & Irr. Co.* v. *Sanders et al.*, 101 Tex. 616, 111 S. W. 648; *Lipp* v. *Hunt*, 29 Neb. 256, 45 N. W. 685; *Polack* v. *Shafer*, 46 Cal. 270; *Pico* v. *Cuyas*, 48 Cal. 639; *Paul* v. *Armstrong*, 1 Nev. at page 82.

It is urged on behalf of defendants that it was within the discretion of the court below whether it would grant or refuse an order of re-restitution. In support of such contention they cite and quote the following language from the case of *Towle* v. *Smith*, 27 Wis. 268:

"It is within the discretion of a court to refuse a writ of restitution to defendant, on reversing a judgment of a justice's court against him in forcible entry and detainer, under which judgment plaintiff ob-

tained possession, if it appears that plaintiff was entitled to the possession, * * * and that he had previously been wrongfully dispossessed by defendant."

The doctrine of that case has no application here. No evidence was received by the district court touching the question of who was entitled to the possession of the premises involved in this litigation. At the very threshold of the trial before the district court the petitioners questioned the jurisdiction of that court to inquire into the merits of the controversy. The district court held that it was without authority to make such inquiry and for that reason ordered the action dismissed. It is difficult to perceive how the district court could exercise a judicial discretion as to who in fact was entitled to the possession of the premises in the absence of evidence touching the facts upon which the claims of the respective parties were founded. To hold that a court may either grant or refuse restitution of property as suits its fancy without being advised as to the merits of the controversy would be to substitute caprice for rules of law. The petitioners were as a matter of law entitled to be restored to the possession of the property in question upon the dismissal of the action for want of jurisdiction.

Defendants further contend that mandamus is not the proper remedy to review a matter such as that here presented. The question thus presented is not free from difficulty. It is well established that a writ of mandamus may be used to compel an inferior tribunal to act on a matter within its jurisdiction but not to control its discretion while acting nor to reverse its judgment when made. On the other hand where a judgment is entered, it becomes the duty of the court to enforce such judgment, and, in case of its refusal, the party aggrieved may by mandamus compel its enforcement. There is no discretion in a court as to whether it will or will not enforce its judgment. *Ketchum Coal Co.* v. *Christensen,* 48 Utah 214, 159 P. 541.

By their appeal from the city court judgment, petitioners herein sought to be relieved from that judgment, not only

as to the cancellation of the contract, but also as to the possession of the premises by the Cracrafts. The legal effect of the order of the district court dismissing the action for lack of jurisdiction of subject-matter was to vacate and set aside the city court judgment in its entirety. Not only did the order of dismissal render the city court judgment a nullity with respect to the cancellation of the contract under which the petitioners herein were in possession of the premises, but it likewise rendered void all proceedings had under the judgment including those proceedings whereby the Cracrafts were placed in possession of the premises. In order that petitioners may reap the full fruits of the reversal of the city court judgment it is necessary that an order of re-restitution issue placing them as near as may be in the same position that they were in before the void judgment was rendered. To deny petitioners a writ of re-restitution is to deny them rights which for the present are fixed and determined by the order dismissing the action. In substance, if not in form, the refusal of the court below to grant petitioners re-restitution of the premises in dispute was to deny them the right to enforce their judgment. In such case the right of petitioners to a writ of restitution may be enforced by a proceeding in mandamus. *Ketchum Coal Co.* v. *Christensen,* supra.

As to costs a somewhat different question is presented. It is not entirely clear whether petitioners complain because the court below refused to pass upon the question of who should bear the costs of the proceeding had before the city court and the appeal therefrom. That it was the duty of the defendant court to determine the question of whether the petitioners were or were not entitled to costs and the amount thereof cannot well be doubted, but mandamus may not be resorted to for the purpose of directing an inferior court as to the amount of costs if any, that shall be awarded a successful party or to review an order or judgment fixing costs. The matter of assessing costs is controlled by statute. R. S. Utah 1933, 104-44-8, would seem to be applicable to the question in hand.

It is therefore orderd that a permanent writ of mandate issue directing the district court of salt Lake county to enter judgment directing that a writ of restitution issue placing petitioners in possession of the premises in dispute and that the defendant district court fix and determine the costs, if any, to be awarded in the cause here under review and render judgment accordingly. Petitioners are awarded their costs in this proceeding against the defendants Cra-crafts. No costs are allowed against the defendant district judge.

STRAUP, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.