Argued February 10; affirmed March 17, 1942

# BIRKEMEIER ET AL. *v.* ORINO

(123 P. (2d) 185)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Omar C. Spencer*, of Portland (Howard T. McCulloch and Hart, Spencer, McCulloch & Rockwood, all of Portland on the brief), for appellant.

*John Lichty*, of Portland (Edward O. Doxey, of Portland, on the brief), for respondents.

KELLY, C. J.  The record discloses that from May 25, 1935, continuing into the year 1938, plaintiffs and defendant were jointly interested in securing and attempting to secure construction contracts. Two written agreements were executed by them outlining the relationship thus created in which it was stated in effect that such relationship should not be deemed a part-

nership, but only that of joint adventurers. It is urged by defendant that despite such statement in the agreements mentioned, the course taken by the parties discloses that a partnership was formed.

Defendant also claims that the advancement of the sum demanded in the complaint, namely, $7,000, by plaintiffs was not a loan to defendant individually, but a contribution to the working capital of the partnership.

The account books of the transactions of the two plaintiffs and defendant jointly fail to disclose any record that the money thus advanced by plaintiffs ever became an asset of the joint operations of the three parties. The individual books of account kept by defendant disclose that defendant received the money from plaintiffs.

The testimony discloses that from some time after plaintiffs first requested defendant to pay said sum of $7,000, defendant denied that he had received the money. Later, when defendant importuned plaintiffs to advance money for the joint operations mentioned, defendant claims and plaintiffs deny that plaintiffs authorized defendant to use the money in suit for the joint business of the three.

It is true that defendant secured certified checks to accompany bids by the three parties aggregating nearly the total balance of defendant's individual account in the bank which furnished such certified checks. These certified checks were returned to defendant because the bids thus treated were not accepted. These certified checks were furnished by defendant instead of bid or proposal bonds. Mr. O. F. Gibson, who was the head accountant and bookkeeper for the parties hereto, testified that defendant was averse to getting a bid or proposal bond for the reason that he did not want to obligate himself to any particular bonding

company. At defendant's request Mr. Gibson asked plaintiffs for the money and pursuant to that request plaintiffs furnished it. In the individual books of· account kept for defendant, plaintiffs were credited with it.

■■ We think that the referee correctly decided that the advance by plaintiffs of said sum of $7,000 on or about November 7, 1935, was an individual transaction not connected with their joint enterprises, or partnership operations, and, hence, it was recoverable in an action at law.

■ Taking this view, the question is presented whether an equitable counterclaim may be interposed based upon defendant's contention that an accounting should be had of the alleged partnership transaction at which it would be found that a sum in excess of $25,000 is due to defendant.

The doctrine of *Jones v. Skiles*, 85 Or. 554, 167 P. 505, is that where the liability upon a chose in action is so inextricably involved with partnership transactions that nothing short of an accounting of the partnership business could furnish the data necessary to justly determine the issue presented in an action at law, a defense in equity should be permitted. As stated, we think the advancement here was not involved in the affairs of the joint enterprise or partnership transactions.

*Pio Pico v. Cuyas*, 47 Cal. 180, and its companion case *Pio Pico v. Cuyas*, 47 Cal. 174, hold that where the lessor, after he had leased a hotel to the lessee, may enter into a contract of partnership in keeping the hotel with the lessee, with an agreement that the rent received shall be a charge upon the firm; that, if the latter contract is separate from the first, it does not work a surrender of this lease, and in an action

by the lessor to recover the rent the lessor may prove the partnership as a defense if pleaded.

In the case at bar, it is not shown that the amount sued on was to be paid by the partnership. No error was committed in holding that defendant's alleged equitable defense was not material to the issues raised by plaintiffs' complaint.

There remains the question whether a legal counterclaim has been presented by defendant's second further and separate answer. It is based upon the claim that plaintiffs failed to contribute their proportionate share of capital to the partnership or joint enterprises and by reason thereof defendant advanced a sum largely in excess of the proportionate share which defendant had agreed to contribute, and hence, defendant was damaged in the sum of $10,000.

■■ The authorities, cited by defendant, announce the well-known rule that whenever there has been any breach of an express stipulation between persons who are partners, an action for damages will be sustainable unless the breach or the stipulation itself, or both, are such that they involve the whole partnership business and accounts, and the damages can be determined only by first settling those accounts. Some of the authorities cited by defendant hold that, if the partnership has been terminated, it is too late to maintain an action based on a failure to furnish money for its operation. It is evident that in the case at bar it will be necessary that an accounting be had before the amount, if any, advanced by defendant in excess of the proportionate share required by the agreement of the parties can be determined. This can be done only by an equitable proceeding. This results in the conclusion that defendant's second, further and separate answer is untenable.

The judgment of the circuit court is affirmed.