[No. 30325. Department One. January 31, 1949.]

SAM LUBICH, *Appellant*, v. PACIFIC HIGHWAY TRANSPORT, INC., *et al.*, *Respondents*.[1]

[1]Reported in 202 P. (2d) 270.

*F. W. Loomis*, for appellant.

*Emory, Howe, Davis & Riese*, for respondents.

BEALS, J.—Sam Lubich, plaintiff in this action, during the month of March, 1944, was in the employ of Rayonier, Incorporated, at its plant in the city of Aberdeen. He was operating a small, mechanically-propelled truck, unloading and placing freight from motor vans. Harold Little was employed by Pacific Highway Transport, Incorporated, as

a truck driver and, in the course of his duties, delivered freight at the Rayonier plant. March 13, 1944, while delivering freight at Rayonier, Little backed his truck, as plaintiff alleges, without maintaining proper observation or giving warning, with the result that his truck injured plaintiff.

During the year 1946, Sam Lubich, as plaintiff, instituted this action against Pacific Highway Transport, Incorporated, and Harold Little, his amended complaint having been filed in the office of the clerk of the superior court for Grays Harbor county, November 19, 1946. In his amended complaint (which will be hereinafter referred to as the complaint, that pleading not appearing in the transcript), plaintiff described the situation in the plant at the time he was injured, alleged the particular acts of defendant Little which plaintiff contended were negligent, and described his injuries, demanding judgment for damages in the amount of ten thousand dollars. Plaintiff further alleged that he was born in Jugoslavia, had little education, and from childhood had been engaged in common manual labor; that, following the accident, he was taken to a hospital, where he signed an application for compensation under the workmen's compensation law.

That thereafter, from March 17 to August 4, 1944, he received monthly payments for time loss because of temporary total disability from the industrial insurance division of the department of labor and industries, and, October 28, 1944, received an allowance of three hundred sixty dollars for permanent partial disability; that, being dissatisfied with these payments, which he considered inadequate, he retained his present counsel, who filed a petition for rehearing before the joint board of the department, which appeal was still pending at the time of the filing of the amended complaint; that his counsel, during the month of October, 1945, advised him that he was entitled to maintain an action against the defendants because the defendant Pacific Highway Transport, Incorporated (which will be hereinafter referred to as Pacific), had not filed with the

department any copy of its payroll; that plaintiff then instructed his counsel to bring suit against the defendants, and, after some delay, this action was instituted.

Plaintiff further alleged that he was unable to repay to the department of labor and industries the money which he had received, plaintiff being without funds due to unemployment occasioned by his injuries, and that he intended to repay these moneys to the department when he was financially able to do so; that he was advised by the department that to deliver to the department a copy of his complaint herein would be sufficient notice of his election to bring this action; that a copy of the complaint was delivered to the department.

That, at the time of the accident, the defendant Little and plaintiff "were engaged in hazardous industrial employment under the provisions of the workmen's compensation law," and that, pursuant to that statute, employers were required to accomplish and file with the department, monthly, a form, a copy of which was attached to the complaint, including a copy of the employer's payroll or time book; that the form furnished by the department contained fifteen lines for the names of the employees and that, if an employer had more than that number of employees, other space was provided for accomplishing the report; that all employers were furnished by the department with printed instructions, several paragraphs of which were set forth in the complaint.

That the defendant Pacific had, for a considerable period prior to the date of the accident, including the months of February and March, 1944, each month filled out, executed, and filed with the department "the front" of one of the forms attached to the complaint as an exhibit, and had paid to the department its assessments and was not in default in the payment of any premiums due to the department, but that the defendant Pacific had not accomplished the form on the reverse thereof, and had not reported in writing or filed with the department any copy of its time book or (its entire) payroll; that, at all times referred to in the

complaint, defendant Pacific was an employer carrying on its payroll more than fifteen employees; that Rem. Rev. Stat. (Sup.), § 7676 [P.P.C. § 717-1], was in full force and effect at the time of the accident and at all times referred to in plaintiff's complaint.

By a rider attached to the amended complaint, and made a part thereof, plaintiff also alleged:

"Rider

"That for a considerable period prior to the date of the accident hereinbefore described, the practice had been followed in the said Department of using the form heretofore referred to as 'Exhibit A' and where an employer had fifteen (15) or less employees of requiring him to fill out both sides of said form and where an employer had more than fifteen (15) employees of not requiring him to fill in the reverse side of said form or furnish a copy of his time book or payroll but in all cases, employers were required to fill in and execute the blanks above the space reversed [*sic:* we read the word "reversed" as reserved] for the Olympia office on the front of said form, Exhibit A."

The defendant Pacific demurred to the amended complaint on all the statutory grounds, and, after the demurrer was submitted to the trial court, upon argument by counsel for the respective parties, the trial court entered an order sustaining the demurrer, on the ground that the complaint failed to state facts sufficient to constitute a cause of action.

Plaintiff excepted to the entry of this order, and, having elected to stand upon his complaint, an order was entered dismissing the action, from which plaintiff has appealed, assigning error upon the order sustaining the demurrer and upon the order dismissing the action.

The transcript discloses no appearance in the action of the defendant Little, but the order sustaining the demurrer refers to the demurrer as entered by both the·defendants, and the order dismissing the action also refers to the demurrer as entered by both defendants.

In this opinion, we shall refer to respondent Pacific as though it were the only respondent in the action.

With the laudable object of stating relevant facts, the complaint before us states certain facts not strictly pertinent

to appellant's cause of action, but which brought before the superior court matters which would sooner or later appear and be admitted, in order that such facts might be considered by the trial court prior to ruling upon respondent's demurrer.

Respondent's contention that the demurrer was properly sustained is based upon several grounds: (1) that the complaint disclosed that respondent, in its relations with the department of labor and industries, was not in default, and that, consequently, under the statute, the complaint stated no cause of action; (2) that Rem. Supp. 1947, § 7676d, which deleted the provision providing for the maintenance of an action against an employer who was in default with the department, effectively destroyed the basis for this action; (3) that, under Rem. Rev. Stat. (Sup.), §§ 7675, 7676, and other provisions of law, the default of an employer engaged in carrying on operations classified as extrahazardous, in failing to submit to the department a payroll, did not result in making the employer liable in an action by one not in his employ; (4) that the complaint showed, on its face, that appellant had elected to take under the statute, and that, consequently, the present action could not be maintained; (5) that the complaint disclosed laches on the part of appellant in instituting this action.

Any one of these propositions, if established, is sufficient to sustain the order appealed from.

Appellant argues that the first proposition above stated is not available to respondent on this appeal for the reason that, as appellant contends, the only ground urged by respondent before the trial court for sustaining the demurrer was that the complaint disclosed that appellant had made an election to take under the workmen's compensation statute and was thereby precluded from maintaining this action. Appellant also contends that respondent, before the trial court, conceded that, in its relations with the department, respondent had been in default.

The record before us contains no statement of facts.

The transcript on appeal contains a memorandum opinion in which the trial court stated that, because appellant had

not, prior to instituting this action, returned to the department the money which he had received by way of compensation, the complaint failed to state a cause of action against respondent, and the demurrer should be sustained.

■ Any memorandum opinion, rendered in the course of a trial before a superior court, should be brought before this court by way of a statement of facts; but as the memorandum opinion in the transcript is specifically referred to and identified in the order sustaining the demurrer, the memorandum opinion may be considered.

■ The fact that the superior court sustained a demurrer to a complaint upon one specified ground does not necessarily imply that the trial court may not have been of the opinion that the general demurrer should have been sustained for other reasons; and even if the trial court, in its memorandum opinion, had specifically stated that the demurrer was sustained on one ground and overruled on others, on appeal this court will consider all grounds urged before this court, and may affirm an order dismissing an action upon sustaining a general demurrer upon any ground that this court deems sufficient and appropriate.

In this connection, appellant further contends that, in trial briefs submitted to the trial court in connection with the argument on the demurrer, respondent definitely took the position that the only ground upon which the demurrer should be sustained was that, by his election to take under the workmen's compensation act and his acceptance of money from the department, appellant was barred from maintaining this action.

■ In a supplemental transcript, filed herein by appellant, appear two trial briefs, which appear to have been filed by respondent in support of the demurrer. These memoranda, not having been brought before us by a statement of facts, may not be considered. Such briefs, filed during the course of an argument before the superior court, are not required to be filed in the office of the clerk of that court; and before such briefs may be considered by this court on an appeal, a certificate of the trial court to an appropriate statement of facts must show that they were

called to the court's attention, and that the briefs so included in the statement of facts were all the briefs filed in connection with the matter.

From the mere fact that a brief was filed in the office of the clerk of the superior court, on appeal to this court we cannot know that the position taken in that particular brief was maintained throughout the argument before the superior court by the attorney who prepared it. A different position might have been taken on later briefs, which were called to the attention of the trial judge but which were never filed in the office of the clerk or which, if so filed, might have been omitted from the transcript, which consists merely of so much of the files as were ordered placed in a transcript by the party presenting them.

Written memoranda opinions of a trial court, and trial briefs filed by the attorneys for any party before the superior court, are not required by law to be filed in the office of the clerk. As to trial briefs, they may or may not be so filed, but the mere fact that a brief is filed with the clerk does not, of itself, demonstrate that the brief was considered by the court. On appeal, trial briefs are similar to affidavits, and we have repeatedly held that affidavits filed in the course of a trial before a superior court are not a part of the record and will not be considered on appeal unless brought before us by bill of exceptions or statement of facts. *Whittaker v. Weller*, 21 Wn. (2d) 716, 152 P. (2d) 957, 155 P. (2d) 284. The exception to this rule concerns affidavits which are specifically referred to in some order or judgment of the court which is part of the record.

▌ In the case of *Lyts v. Keevy*, 5 Wash. 606, 32 Pac. 534, this court said:

"The action of the court will generally be sustained where any good reason therefor exists, although it may not have been the one which moved the court to act, and although the one relied upon by the court may have been insufficient, . . ."

The above-quoted language was used by the court in connection with a discussion concerning the admissibility of evidence, but the same rule should apply generally.

Upon the record before us, respondent may present here any arguments which support the order of the trial court sustaining the general demurrer to the complaint and the subsequent order dismissing the action.

We shall now consider respondent's contention that the complaint herein fails to allege a default on the part of respondent such as accords appellant a right of action against respondent.

Laws of 1911, chapter 74, p. 345 (known as the workmen's compensation act), established a comprehensive system of state-administered industrial insurance for the protection of workmen, and was designed to remove from private controversy the remedies previously existing for recoveries for injuries suffered by workmen in the course of employment. The act provided that it was exclusive of every other remedy except as otherwise provided in the act. Rem. Rev. Stat., § 7673 [P.P.C. § 702-1].

Prior to 1929, the legislature had several times amended the statute, but, in the year referred to, the following rights of action on behalf of workmen or their dependents, under the act, were preserved and could be exercised at their option: (1) Laws of 1927, chapter 310, § 2, p. 815 (Rem. Rev. Stat., § 7675), provided for a right of action, based on negligence resulting in injury, against a third party not in the same employ as the injured workman, to be exercised at the election of the person injured; (2) under Laws of 1927, chapter 310, § 3, p. 818 (Rem. Rev. Stat., § 7676), a right of action was accorded to an employee against an employer who was in default in the payment of premiums or the submission of payroll estimates or monthly reports to the department as required by the statute.

By Laws of 1929, chapter 132, § 1, p. 325 (Rem. Rev. Stat., § 7675), it was provided

". . . that no action may be brought against any employer or any workman under this act as a third person if at the time of the accident such employer or such workman was in the course of any extra-hazardous employment under this act."

By Laws of 1931, chapter 104, § 1, p. 297 (Rem. Rev. Stat., § 7676), it was provided, *inter alia*, that:

"Every employer who shall enter into any business, or who shall resume operations in any work or plant after the final adjustment of his payroll in connection therewith, shall, before so commencing or resuming operations, as the case may be, notify the director of labor and industries of such fact, accompanying such notification with an estimate of his payroll for the first calendar month of his proposed operations, and shall make payment of the premium on such estimated payroll."

Every employer, within the provisions of the act, shall, on or before the fifteenth of each month, furnish the department with an accurate payroll and the aggregate number of workmen hours during the preceding month, together with the total amount paid to the workmen, and shall pay his premium thereon to the accident and medical aid funds.

In respect to any injury happening to any workman during the period the employer shall be in default in the payment of premiums, if such default shall be after demand for payment, then, if such employer shall be in default for failure to furnish the department with an estimated payroll for workmen hours, or with monthly reports of his payroll and workmen hours as required by this section, the defaulting employer shall not be entitled to the benefits of this act, but shall be liable to suit by the injured workman (or his beneficiaries and dependents) at his or their option, as he would have been on March 14, 1911.

By Laws of 1947, chapter 247, p. 999, an emergency act which became effective, March 19, 1947 (Rem. Supp. 1947, §§ 7676-a to 7676-f), the provision for suit by workmen against defaulting employers was omitted. It may be noted that this law became effective after the case at bar had been instituted, but before the entry of the order appealed from.

But while, by its terms, Rem. Rev. Stat. (Sup.), § 7675, referred to above, provides generally that no action may be brought against any employer under the act as a third person, if, at the time of the accident, the employer or work-

man was in the course of extrahazardous employment under the act prior to the effective date of Laws of 1947, chapter 247, there were two recognized exceptions: (1) actions against third party employers engaged in extrahazardous activities who were not amenable to this statute (*O'Brien v. Northern Pac. R. Co.*, 192 Wash. 55, 72 P. (2d) 602); (2) actions against third party employers who were in default pursuant to Rem. Rev. Stat. (Sup.), § 7676 (*Reeder v. Crewes*, 199 Wash. 40, 90 P. (2d) 267).

In the case last above cited (an *En Banc* decision, four judges dissenting), the plaintiff, in his complaint, alleged that he, a workman within the scope of the workmen's compensation act, was injured by the negligence of a man jointly employed by the two defendants, who were also engaged in extrahazardous work at the time of the accident. It was further alleged that one of the defendants was in default in payment of premiums to the department of labor and industries, and had made no monthly reports of his payroll and workmen hours, and that the other defendant had failed to furnish the department with monthly reports of its payroll and workmen hours and had failed to pay any industrial insurance premiums on account of the employee whose negligence caused the injuries suffered by the plaintiff.

It was held that plaintiff could maintain the action, and the order of dismissal, entered after sustaining a demurrer to the complaint, was reversed.

In the complaint in the case cited, it was alleged that the respondent Crewes had paid no premiums and had made no monthly reports of his payrolls, and that the respondent Shell Oil Company had failed to furnish the department with any estimate of its payroll and workmen hours or with monthly reports of its payroll and workmen hours, which included the employee whose negligence resulted in the injuries to the plaintiff, and had failed to pay any industrial insurance premiums based upon his employment.

The respondents argued that these provisions of the statute were applicable only to the employer of the work-

man who was injured. The complaint in the case at bar does not allege that respondent here had failed to pay to the department all premiums due on account of its employees, including Harold Little. The case cited is not controlling here.

Appellant here contends that respondent was in default under Rem. Rev. Stat. (Sup.), § 7676, referred to above, having failed to submit payrolls as provided by the act, and is, therefore, not immune to suit at plaintiff's instance; inasmuch as such statute, which subjects a defaulting employer to suit by his own employees, confers the same right upon the employees of other employers who are within the protection of the statute.

Respondent contends that the amendment to Rem. Rev. Stat. (Sup.), § 7676, enacted in 1947, *supra*, which deleted from that section the provision for suits by injured employees against defaulting employers, should be regarded as effective against appellant any time prior to the time of entry of judgment of any pending action, and that the amendment referred to had taken away the foundation of appellant's action prior to the entry of the order appealed from. Respondent also contends that the complaint discloses no default on the part of respondent in its relations with the department.

The allegations of appellant's complaint concerning the respondent's alleged default in its relations with the department of labor and industries are above referred to. If appellant's complaint does not allege facts sufficient to constitute a default on the part of respondent, the demurrer to the complaint was properly sustained. In this connection, respondent argues that, from the complaint, it appears that respondent had seasonably furnished to the department all required reports and, as it is admitted that respondent was not otherwise in default in its relations with the department, the complaint fails to disclose any dereliction or neglect on respondent's part.

Appellant contends that, under the provisions of Rem. Rev. Stat. (Sup.), § 7676, an employer must, monthly, submit to the department his payroll and a statement of the

aggregate number of workmen hours; and that the acquiescence of the officers of the department in the failure of an employer to submit such a full report does not excuse the employer, who is consequently liable in such an action as this.

As above stated, the complaint alleged that, at all times pertinent to this inquiry, the department had required an employer who had fifteen or less employees to accomplish both sides of the form, set forth as an exhibit to the complaint, but an employer who had more than fifteen employees was not required to accomplish the reverse side of the form, or to furnish a copy of his time book or payroll. By Rem. Rev. Stat (Sup.), § 7676, it is provided that "the sufficiency of such statements shall be subject to the approval of the director of labor and industries."

It is not alleged in the complaint that respondent had failed to comply with any direction of the department, and it must be assumed that the statements furnished by respondent were satisfactory.

Appellant argues that no officer of the department had any authority to accept returns comprising less than the statutory requirements, and that, by reason of the fact that, as appellant contends, certain statutory requirements as to the filing of payrolls, time books, etc., had not been complied with by respondent, the latter is subject to suit on the part of appellant.

This question presents two problems: first, did respondent render itself liable to suit by appellant under the terms of the statute because of its failure to submit its payrolls? and, second, did the appropriate office of the department have authority, under the statute, to accept from respondent the payroll reports which respondent furnished and thereby release respondent from the penalty of the statute? The pertinent portion of Rem. Rev. Stat. (Sup.), § 7676, reads as follows:

"In respect to any injury happening to any of his workmen during the period such employer shall be in default in the payment of any premium, if such default be after demand for payment, or if such employer shall be in de-

fault for failure to furnish the Department with an estimated payroll and workmen hours or with monthly reports of his payroll and workmen hours as required by this section, the defaulting employer shall not be entitled to the benefits of this act, but shall be liable to suit by the injured workman (or his beneficiaries and dependents), at his or their option, as he would have been on March 14, 1911, . . ."

This portion of the statute deprived an employer of the immunity from suit granted by the act if he should be in default in payment of any premium after demand for payment or if he should be in default for failure to furnish the department with an estimated payroll, etc.

From the complaint, it appears that respondent had furnished the department with *payroll reports* which were satisfactory to the department.

Appellant goes beyond the portion of the section above-quoted and relies upon another portion of Rem. Rev. Stat. (Sup.), § 7676, which provides that

"Every employer within the provisions of this act shall on or before the fifteenth day of each month hereafter furnish the Department with a true and accurate payroll and the aggregate number of workmen hours, during which workmen were employed by him during the preceding calendar month, the total amount paid to such workmen during such preceding calendar month, and a segregation of employment in the different classes provided in this act, and shall pay his premium thereon to the accident fund and medical aid fund. The sufficiency of such statement shall be subject to the approval of the Director of Labor and Industries."

The portion of the section above quoted making an employer liable to suit in certain cases as a punitive measure, refers only to those particular reports specified therein. As a penal clause, this portion of the section should be strictly construed.

We hold that the allegations of the complaint disclose that respondent made such reports of payroll, workmen hours, total amounts paid, and the classification of employees, as were, in the judgment of the director of labor

and industries, in form and substance as required by the statute, and that the reports made by respondent were accepted by the department as sufficient.

The statutory specification in the report to be submitted is manifestly for the benefit of the department and to enable it to properly administer the workmen's compensation act and to intelligently discharge its duties thereunder. The failure of an employer to furnish more complete reports in no way prejudices the right of any workman. This matter, however, is important only as an incident to determining from the act the intent of the legislature, which is the basic question involved.

The workmen's compensation act contemplates a very large, complicated mechanism for the collection of premiums from employers and the processing and adjudication of claims for compensation. The statute could not and does not attempt to prescribe every detail of the necessarily complex operations of the department in connection with the administration of the act. Many details must be worked out by the director, following generally the rules of administrative procedure and subject to the ultimate control of the courts.

By the provisions above quoted, a considerable discretion was vested in the director as to what should be included in, and what could be omitted from, the reports from employers outlined by the statute. The act provides that an employer must maintain, at his place of business, complete payroll records subject to inspection by officers of the department. It seems clear that the reports required to be submitted to the department were to furnish the department with necessary data for the accomplishment of its collection and payment functions. Appellant argues that the reports provided for were, in part at least, for the benefit and protection of workmen as individuals. Any employee, however, could always obtain from, or through, the department information necessary for the protection of his legal rights.

The instructions issued to employers by the director of the department were within the statutory authority of that

officer; and respondent, having followed these directions in preparing its reports and accomplishing them to the satisfaction of the department, was not in default under the statute.

Our conclusion upon this phase of the case renders it unnecessary to discuss other questions presented by appellant.

Appellant's complaint failing to allege facts which disclose that respondent had failed to file with the department proper and sufficient reports concerning his employees, the trial court did not err in sustaining respondent's demurrer to the complaint; and the order dismissing the action, based upon the order which the court rendered sustaining the demurrer, is accordingly affirmed.

MALLERY, STEINERT, SIMPSON, and HILL, JJ., concur.

