[No. 42251.   En Banc.   June 22, 1972.]

R. R. LEE *et al., Respondents,* v. WILLIAM B. CLOES *et al., Appellants.*

*Malcolm S. McLeod,* for appellants.

*Beresford & Booth,* and *Robert W. McKisson,* for respondents.

PER CURIAM.—Appellants, Mr. and Mrs. William B. Cloes, rented store space in a building owned by respondents, Mr. and Mrs. R. R. Lee. They appeal from the decision of the trial court, sitting without a jury, which awarded judgment to the Lees for the face amount of a note, given by the Cloeses to secure payment of rent, together with interest and attorney's fees. The court also dismissed the claim of appellants for damages for destruction of certain goods, stock and fixtures.

The errors assigned deal with the court's failure to apply the doctrine of res ipsa loquitur; a holding that an exculpatory clause in the lease between the parties placed the risk of loss for damages to personal property on the premises upon appellants; and, to the court's findings of fact that an oral agreement was entered into terminating the tenancy on September 1, 1969.

The record in this case fails to show whether the

question of the application of the doctrine of res ipsa loquitur was presented to the trial court. We will not consider, as a ground for reversal of the trial court, a theory not presented at the time of trial. *Matthias v. Lehn & Fink Prods. Corp.,* 70 Wn.2d 541, 424 P.2d 284 (1967); *Spinelli v. Economy Stations, Inc.,* 71 Wn.2d 503, 429 P.2d 240 (1967).

■ The court found the evidence was insufficient to show the freezing of water pipes on the premises which resulted in damage to appellants' goods was the result of negligence on the part of respondents, or that respondents had prior notice of the defect. The finding has support in the record and the question of whether the exculpatory clause of the lease is valid will not be considered inasmuch as appellants have failed to show any breach of duty by respondents to appellants.

The remaining findings of fact to which error is assigned are supported by the record. Judgment affirmed.