[No. 42886. En Banc. April 18, 1974.]

LILLIE J. TALPS, *Appellant*, v. MANUEL ARREOLA *et al.,*
*Respondents.*

*Richard B. Sanders,* for appellant.

*Olwell, Boyle & Hattrup,* by *Lee Olwell,* for respondents.

*Richard Phillips* of *Legal Services Center* (Seattle), amicus curiae.

STAFFORD, J.—Lillie J. Talps has appealed the trial court's judgment dismissing her complaint with prejudice

and granting the relief claimed in respondents' cross claim. Respondents have moved to dismiss the appeal.

Lillie J. Talps delivered her car to Mannie's Auto Rebuild for some repair work. At that time, she signed an authorization for repairs. When she returned for the vehicle, a dispute arose as to the amount of work she had authorized respondents to perform. Appellant paid only a portion of the bill and respondents refused to release the automobile until she paid in full.

Appellant filed a complaint for damages alleging respondents' conversion of her vehicle and asserting further that respondents' action constituted an "unlawful or deceptive act or practice" under RCW 19.86.020. Her prayer for relief asked for specific money damages as well as treble damages and attorney's fees as provided in RCW 19.86.090. Respondents answered and by way of affirmative defense claimed a possessory chattel lien pursuant to RCW 60.08. They also cross claimed for the unpaid portion of the bill.

The trial court found that appellant had authorized all repair work done by respondents and dismissed appellant's complaint with prejudice. The court also entered judgment on respondents' cross claim, ordered foreclosure of respondents' lien and the sale of appellant's car. The proceeds of the sale were ordered applied to the amount owed by appellant.

Although Mrs. Talps has appealed, she has not furnished us with a statement of facts of any kind. In the absence of a properly certified statement of facts, this court must assume that the evidence supports the trial court's findings of fact. *Dean v. McFarland*, 81 Wn.2d 215, 500 P.2d 1244 (1972); *Roller v. Blodgett*, 74 Wn.2d 878, 447 P.2d 601 (1968). Further, lacking a statement of facts we have no way of ascertaining what transpired at trial, including whether appellant's proof may have expanded her pleadings or whether appellant raised issues beyond those disclosed by the findings of fact, conclusions of law, and judgment.

■ Appellant's sole assignment of error is that "[t]he court erred in holding that respondents were entitled, pursuant to RCW 60.08, to retain possession of appellant's automobile prior to any judicial hearing." We cannot tell, from the assignment of error, whether it challenges some portion of the findings of fact, some conclusion of law or the judgment. However, if it is intended as an assignment of error to a finding of fact, we have held that "[a]n assignment of error to a 'holding' of the trial court is insufficient to present . . . a finding of fact to this court for review." *Becwar v. Bear,* 41 Wn.2d 37, 38, 246 P.2d 1110 (1952).

Appellant acknowledges the deficiency of the assignment of error but argues that the facts, even as found, do not support the judgment. Rather than unnecessarily prolonging the opinion by reciting the findings that support the judgment, it is sufficient to say that we have examined them and do not agree with appellant's assertion of insufficiency.

■ Appellant's brief and reply brief make it evident that she has, for all intents and purposes, abandoned her original claim of conversion as well as the assertion that respondents have violated RCW 19.86.020 *et seq.,* for which she had asked treble damages. She has not argued these matters and has cited no cases. Contentions that are not supported by argument or authority will not be considered by us. *State v. Van Auken,* 77 Wn.2d 136, 142, 460 P.2d 277 (1969); *State v. Alden,* 73 Wn.2d 360, 363, 438 P.2d 620 (1968); *see also* ROA I-43.

Appellant now argues that RCW 60.08 is violative of due process because it does not provide for an evidentiary hearing at or near the time one is deprived of the use of his or her property. Respondents assert, however, that appellant's new theory was not argued at the time of trial but is presented here for the first time. That being the case, say respondents, the Supreme Court should not consider the new theory as a ground for reversal. Appellant counters with the contention that even though the unconstitu-

tionality of RCW 60.08 was not pleaded, it was in fact argued at the time of trial. Thus, appellant asserts, she has not raised the issue for the first time on appeal. This, of course, raises a factual issue capable of being resolved by reference to a statement of facts.

Unfortunately, appellant has not furnished us with a statement of facts and thus is unable to establish that the unconstitutionality of RCW 60.08 was raised at the time of trial. Lacking the support of a statement of facts, appellant directs our attention to an undated document entitled "trial brief," found in the supplemental transcript. However, this document does not support her position. Comparison of the appeal bond contained in the original transcript, with the filing date stamped on the so-called trial brief indicates clearly that the brief was filed with the clerk of the superior court, 1 day *after* the trial. Having no statement of facts, we are unable to determine whether the trial brief was brought to the attention of the trial judge at the time of trial, at some time thereafter, or whether he saw it at all. Further, even though the document denominated "trial brief" may raise the issue now argued on appeal, that brief is not properly here as proof of what transpired at the time of trial. As we said in *Lubich v. Pacific Highway Transp., Inc.*, 32 Wn.2d 457, 464, 202 P.2d 270 (1949):

> On appeal, trial briefs are similar to affidavits, and we have repeatedly held that affidavits filed in the course of a trial before a superior court are not a part of the record and will not be considered on appeal *unless brought before us by* . . . [a] *statement of facts.*

(Italics ours.)

In the final analysis there is nothing before us to establish that the constitutionality of RCW 60.08 was ever presented to, made an issue before, or considered by the trial court. We will not consider a theory as ground for reversal unless we can ascertain from the record that the issue was first presented to the trial court. *See Lee v. Cloes*, 80 Wn.2d 783, 498 P.2d 323 (1972); *Matthias v. Lehn & Fink Prods. Corp.*, 70 Wn.2d 541, 424 P.2d 284 (1967).

Finally, appellant asserts that even though error has not been properly assigned, this court should consider such error on appeal if constitutional rights of a party are in issue. Appellant has cited several cases in support of this proposition. However, none are in point. All are criminal cases and the narrow exception they support is not applicable to a civil case such as this. *Ledgering v. State,* 63 Wn.2d 94, 385 P.2d 522 (1963); *State ex rel. Cosmopolis Consol. School Dist. 99 v. Bruno,* 61 Wn.2d 461, 378 P.2d 691 (1963); *Long v. Odell,* 60 Wn.2d 151, 372 P.2d 548 (1962); *see also* ROA I-43.

Since the only issue raised on appeal is not properly before us, we cannot reach the merits of the case. Respondents' motion to dismiss the appeal is granted. The judgment of the trial court is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied June 25, 1974.