[No. 934-3.   Division Three.   December 12, 1974.]

DULIEN STEEL, INC., *Appellant*, v. LAMPSON RAILROAD CONTRACTORS, INC., *et al.*, *Respondents*.

*Kenneth M. Brown, Jr.* (of *Walsh & Brown*), for appellant.

*Diehl Rettig* (of *Loney, Westland, Raekes, Rettig & Sonderman*), for respondents.

GREEN, C.J.—On January 9, 1973, Lampson Railroad Contractors, Inc., brought an action against Dulien Steel, Inc., to (1) quash a materialman's lien filed by Dulien against funds owing by the U & I Sugar Co. to Lampson; and (2) recover $403.27 claimed due from Dulien. On March 16, 1973, Dulien commenced an action to foreclose its lien in the sum of $19,044.80 against Lampson and the fund held by U & I. In that action, Lampson counterclaimed for $403.27 and to quash the lien. These two actions were consolidated for trial and judgment was subsequently entered quashing the materialman's lien and awarding $403.27 to Lampson. Dulien appeals only from the $403.27 award.

The unchallenged portion of the findings of fact show that in 1969 a joint venture was established between Neil

F. Lampson Company, Inc., appellant Dulien Steel, Inc., and respondent Lampson Railroad Contractors, Inc., for the purpose of dismantling a railroad for the Army Corps of Engineers. The joint venture was to receive as consideration the materials from the dismantled railroad, which were subsequently stored at Central Ferry and Wawai, Washington. The parties agreed that Dulien was to receive the steel and Lampson the railroad ties. Neil F. Lampson Company, Inc., received a monetary consideration and is not a party to this action. On April 7, 1972, the joint venture was terminated by written agreement and title to all inventory passed to Dulien. In the agreement both parties to this action acknowledged minor differences existing between them concerning materials taken from storage by each during the course of the joint venture and agreed to resolve those differences between themselves.

Early in 1972, U & I contracted with Lampson for the construction of certain railroad spur lines. Prior to the termination of the joint venture, railway materials valued at $8,856 were taken by Lampson from storage at Central Ferry, for use on the U & I job. On April 12, 1972, after termination of the joint venture, Lampson took additional railway materials valued at $1,419.20. Lampson acquired no other materials from the joint venture or Dulien for use on the U & I job.

The trial court compared the invoices each party sent to the other and found that during the joint venture Dulien took materials from storage valued at $33,021.32 and Lampson took materials valued at $32,618.05, including the materials used on the U & I job. The court then found that Dulien owed Lampson the difference of $403.27. Dulien assigns error to the entry of the latter finding of fact and the resulting judgment in favor of Lampson.

■ It is Dulien's primary contention that the trial should have been limited to those issues raised by their complaint to foreclose the materialman's lien. The basis of

the claimed lien was the taking by Lampson of materials stockpiled by the joint venture, both before and after its termination. In addition to the Dulien lien, the court considered the issues raised by Lampson's counterclaim and based upon the evidence, compared the dollar value of the materials taken by Lampson against the materials taken by Dulien during the course of the joint venture. Dulien's position on appeal is that the trial court erred in considering Lampson's counterclaim because there was no prior suit in equity for dissolution and an accounting of the partnership affairs. Dulien urges that a joint venture is akin to a partnership and one partner cannot sue another partner at law with respect to any of the partnership business or for breach of a partnership agreement until a suit in equity for dissolution and an accounting of the partnership affairs has first occurred. We disagree.

In *Peterson v. Nichols*, 90 Wash. 398, 156 P. 406 (1916), a joint venture owned and maintained a stallion for profit. The stallion died and one party sued the other for contribution toward payment of a business debt. The party sued contended that a partnership existed and that prior to an accounting the other party had no right of action. The court held, at page 399:

> The status of the parties was not that of a general partnership. Their status was that of persons engaged in a joint venture. . . . The horse was dead long before the suit was instituted, and *the business of the joint adventure was ended*. The principles applying to the law of general partnership and the authorities cited, therefore, do not apply here.

(Italics ours.) As in *Peterson*, the joint venture in the present case was terminated by written agreement prior to commencement of this action. Therefore, the general law of partnership is not applicable and the authorities relied on by Dulien are distinguishable.[1]

---

[1] *Lantz v. Stribling*, 130 Cal. App. 2d 476, 279 P.2d 112 (1955); *Cunningham v. deMordaigle*, 82 Cal. App. 2d 620, 186 P.2d 423 (1947); *Birkemeier v. Orino*, 168 Ore. 385, 123 P.2d 185 (1942); *Mayer v. Bassett*, 263 Ore. 334, 501 P.2d 782 (1972).

■ Furthermore, neither counsel's objection nor the pleadings at the time of trial raise the partnership theory presented by Dulien on appeal. Dulien's objection sought only to limit the trial to a determination of the amount of material used by Lampson on the U & I job. It is well settled that a theory not presented to the trial court will not be considered on appeal. *Talps v. Arreola*, 83 Wn.2d 655, 521 P.2d 206 (1974); *Lee v. Cloes*, 80 Wn.2d 783, 498 P.2d 323 (1972).

Dulien's contention must fail for other reasons. In the termination agreement, Dulien obtained title to all of the assets and agreed to pay all of the liabilities of the joint venture. Lampson and Neil F. Lampson, Inc., the other joint venturer, agreed to hold Dulien harmless from any claims of third parties resulting from any act or omission on their part. Each party released any claim against the other or the joint venture except:

> . . . there exists a certain minor difference to be adjusted between Dulien . . . and Lampson Railroad Contractors, Inc., pertaining generally to the railroad ties and invoices between Lampson Railroad Contractors, Inc., and the joint venture, which differences will be resolved directly between Dulien and Lampson Railroad Contractors, Inc., and will be without effect between the parties and . . . shall be a matter to be resolved directly between Dulien and Lampson Railroad Contractors, Inc.

In effect, the issues raised by the pleadings in the consolidated actions are none other than those existing between these two parties as referred to in the termination and settlement agreement.

The battle lines were drawn upon the filing of the pleadings and it became necessary for the court to resolve the question of which party owed money to the other. As such, the pleadings dictate that the parties must be held to have realized that the court would be required to resolve the

issue by balancing their respective accounts.[2] Therefore, the belated objection raised by Dulien during trial that it was not prepared to litigate any issue other than the amount of material used by Lampson on the U & I job was properly overruled.

It is clear from the unchallenged findings of fact that the court balanced the claims of the parties, each against the other, and found $403.27 owing to Lampson.

Finally, Dulien contends that the full accounting could not be conducted without joinder of Neil F. Lampson Co., the other joint venturer. We disagree. The settlement and termination agreement of April 7, 1972, released any claim by or against Neil F. Lampson Co. Thus, joinder of that company was not necessary as the only issues left unresolved by the termination agreement were those existing between Dulien and Lampson.

Judgment affirmed.

MUNSON and McINTURFF, JJ., concur.

---

[2]Dulien sought (1) a judgment for $19,044.80 plus interest and attorney's fees against Lampson; (2) foreclosure of its lien against U & I Sugar; and (3) execution against Lampson for any remaining deficiency for materials taken by Lampson before and after termination of the joint venture. Lampson counterclaimed for materials taken from the joint venture by Dulien and claimed that Dulien owed Lampson $403.27.