[No. 35491.    Department One.    December 29, 1960.]

C. V. WILDER et al., Respondents, v. SAM E. BAKER et al., Appellants.[1]

Bruce T. Rinker, for appellants.

Livesey, Kingsbury & Livesey and Burton A. Kingsbury, for respondents.

OTT, J.—Baker & Ford Company, a partnership, was the prime contractor with the United States Navy in the construction of radio facilities in Whatcom county. C. V. Wilder Company, a copartnership, was the subcontractor engaged to perform certain excavation work. A dispute arose between the subcontractor and the prime contractor relating to the interpretation of the contract phrase, "adjusted accordingly," as it pertained to the amount of compensation the subcontractor would receive for its work, when the Navy altered its requirements in connection with the excavation to be performed.

From the judgment entered in favor of the subcontractor, the prime contractor has appealed.

The record before us does not contain a statement of facts. The appellant has brought before this court certain

[1]Reported in 358 P. (2d) 133.

exhibits admitted during the trial, and also the trial court's memorandum opinion, as part of the supplemental transcript. The respondent timely moved to strike the exhibits and written opinion, contending that they were not properly a part of the record on appeal, inasmuch as the appellant brought them before this court as a part of the transcript instead of as a part of the statement of facts, as required by Rule on Appeal 35, RCW Vol. 0.

This court has held that exhibits must come before it as a part of the statement of facts. *In re Marshall's Estate,* 35 Wn. (2d) 178, 211 P. (2d) 721 (1949). Likewise, a memorandum opinion is properly a part of the statement of facts. *Whitehead v. Satran,* 37 Wn. (2d) 724, 225 P. (2d) 888 (1950). Respondent's motion to strike these items from the record must be and is granted.

This appeal presents the single question of whether the findings of fact support the conclusions of law and judgment of the trial court. After hearing the evidence, the court found as follows:

Finding of Fact No. 9: "A proper adjustment should be made in plaintiff's compensation for such trenching pursuant to the requirement of the subcontract between plaintiff and defendants above set forth and the same should be determined as follows:

"From plaintiff's price of $2.50 per lineal foot, there should be deducted the seventy-five cents (75¢) credit negotiated with the prime contractor United States Navy, reducing the same to $1.75 per foot for 3500 feet, a total of $6125.00. From said figure, there should be deducted the actual costs of doing the work, or $448.71, leaving the sum of $5676.29. This should be divided evenly between the parties making an allowance to plaintiffs in addition to the cost thereof, of one-half of the last mentioned sum, or $2838.15."

Without a statement of facts, we are unable to determine whether there is sufficient evidence to sustain the court's findings. We do not have the contract before us. The words, "adjusted accordingly," are capable of varying interpretations. Whether the remaining covenants of the contract support the court's finding of the meaning of the contested

phrase, or whether the testimony of the witnesses supports the court's finding is not determinable from the state of the record before us.

What we said in *Forrester v. Craddock*, 51 Wn. (2d) 315, 319, 317 P. (2d) 1077 (1957), is apposite to the instant case:

"In making this finding of fact, the trial court had the benefit of the testimony of the parties concerning their respective intentions as they were reduced to writing in their equivocal contract. Since the evidence considered by the trial court (in reaching its conclusion resolving the ambiguity of terms in favor of respondents) is not before this court, it is impossible for us to go beyond the written contract in order to give its controversial provisions a meaning different from that found by the trial court. Hence, we are unable to conclude that the court erred in interpreting the contract as it did."

In the absence of a statement of facts, we must assume that the evidence sustains the trial court's findings. The findings of fact support the conclusions of law and judgment.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.