[No. 35583. Department Two. March 30, 1961.]

*In the Matter of the Application for a Writ of Habeas Corpus by* EVELYN HOLLIBAUGH, *Appellant,* v. GLENN W. PROSSER, *Respondent.**

*Reported in 360 P. (2d) 737.

*J. Peter P. Healy*, for appellant.

*Milton Heiman*, for respondent.

HUNTER, J.—This is an appeal from an order denying a petition for a writ of *habeas corpus* after a hearing upon the merits in the Superior Court for King County.

The petitioner, Evelyn Hollibaugh, is the mother of a minor child, Orin Douglas Prosser, born on the 7th day of January, 1951. She alleged in her petition that an interlocutory decree of divorce was obtained from Glenn W. Prosser, the father of said child, on the 8th day of January, 1953, and the final decree was entered on the 31st day of March, 1954, in the superior court for the county of Sacramento in the state of California. The custody of the minor child was awarded to the petitioner. In November, 1954, she permitted the child to visit the paternal grandmother for a period of two weeks; during this period the father removed the child from the state of California without the petitioner's permission and succeeded in secreting and hiding the child from the petitioner for the past six years. During this time the petitioner diligently searched for her child and finally located him in the custody of the father in Seattle, Washington.

The petitioner further alleged that the child was being restrained of his liberty contrary to the order of the California divorce decree, and she asked that a writ of *habeas corpus* be issued directing the father to deliver the child

before the Superior Court for King County and show cause, if any, why the child should be detained by him and should not be delivered to the petitioner. Pursuant to the petition, a writ of *habeas corpus* was issued directing the father to deliver the minor child into court upon a day certain, at which time a hearing was held upon the return of the writ on the 6th day of December, 1958, and concluded on Monday, the 8th day of December, 1958, before the court sitting without a jury. The petitioner and her attorney, and Glenn W. Prosser and his attorney, appeared in person. Evidence, both oral and documentary, was introduced and considered by the court. At the conclusion of the hearing, the court made findings of fact and conclusions of law and entered judgment which provided that the child should remain with the respondent father and that the application for a writ of *habeas corpus* be denied, from which judgment the petitioner appeals.

The record discloses that subsequent to the filing of the notice of appeal a statement of facts was filed by the petitioner. A motion was interposed by the respondent to strike the statement of facts which was regularly noted in this court. Upon a hearing thereon, the motion to strike the statement of facts was granted.

The rule is well established in this court that in the absence of a statement of facts we must assume that the evidence sustains the trial court's findings and that the same will be accepted as verities. *Wilder v. Baker,* 57 Wn. (2d) 479, 358 P. (2d) 133 (1960).

The sole issue upon this appeal, in view of this state of the record, is to determine whether the findings of fact support the judgment entered by the trial court.

The petitioner contends that the trial court was without jurisdiction to enter an order modifying the custody provisions of the California divorce decree, relying upon the well-established rule that a court of this state will not modify a custody decree of a sister state unless the child is domiciled within the state of Washington. In the recent case of *Chandler v. Chandler,* 56 Wn. (2d) 399, 353 P. (2d) 417 (1960), we stated:

"Custody decrees of a sister state will not be changed here when the children are not domiciled in this state. Such is a prerequisite to the exercise of jurisdiction by Washington courts. *State ex rel. Marthens v. Superior Court*, 25 Wn. (2d) 125, 169 P. (2d) 626; *In re Mullins*, 26 Wn. (2d) 419, 174 P. (2d) 790; *Sherwood v. Sherwood*, 48 Wn. (2d) 128, 291 P. (2d) 674."

We also recognized in the *Chandler* case, the settled rule in this state announced in *In re Mullins, supra*, that a parent may not change the domicile of his child to the state of Washington by taking him to this state in disobedience of a custody decree of a sister state. We further recognized in the *Chandler* case, the rule announced in *Guy v. Guy*, 55 Wn. (2d) 571, 348 P. (2d) 657 (1960), that where a superior court of this state has jurisdiction to consider changing the custody of a minor child previously determined in a divorce decree by a sister state, then that superior court may do whatever the divorce court of the sister state could do in modifying the custody provisions of its divorce decree under the full faith and credit clause of the United States Constitution, Art. IV, § 1; *New York ex rel. Halvey v. Halvey*, 330 U. S. 610, 91 L. Ed. 1133, 67 S. Ct. 903 (1947).

The California rule regarding modifying custody awards rendered by a California court is that a showing of changed conditions, *Smith v. Smith*, 31 Cal. App. (2d) 272, 87 P. (2d) 863 (1939), or a showing that a change would be in the best interest of the child, *Kelly v. Kelly*, 75 Cal. App. (2d) 408, 171 P. (2d) 95 (1946), is sufficient for the court to modify the custody award.

With the above rules in mind we will examine the facts in the instant case as found by the trial court. Contrary to the contentions of the petitioner that the minor child was removed from the state of California in contravention of the California divorce decree, the trial court found that at the time the interlocutory decree was entered in California the petitioner had voluntarily surrendered custody of the child to the respondent; that the child was outside the state of California at the time of the entry of the interlocutory order in the California court and at the time of

the entry of the final decree one year thereafter. The trial court further found that the respondent had custody of the child for a period of approximately six years after the petitioner surrendered the child to him. The petitioner has been married twice since her divorce from the respondent and has made no real attempt to locate the child within the six-year period. Only recently has she remarried and established a permanent home. The petitioner's present husband, a seaman, has done nothing to express a willingness to take the child into their new home, which, at the time of trial, was a small apartment in San Francisco.

The trial court further found that the respondent has remarried and the child has never known that he had a mother other than his stepmother. The respondent has resided at his present address for the past three years with his present wife and the child. This home is permanent and the child is going to school. Finally, the court found that the best interest of the child would be served by not removing him from the established home of the respondent father.

 Upon the basis of the above findings it appears clear that the child was not removed from the state of California in contravention of the California divorce decree, and that the child has been residing continuously for the past three years in King County with the father who has made his permanent home there. Consequently, the child has obtained a domicile in this state. All the parties were before the court. The trial court had jurisdiction and could modify the divorce decree upon the same grounds of changed conditions as could the divorce court in the state of California had the hearing on that issue been before the California court. The record clearly shows it was for the best interest of the child that his physical custody should not be disturbed and that he should remain with his father. The judgment so providing and denying the petitioner's application for a writ of *habeas corpus* was correctly entered.

The judgment is affirmed.

FINLEY, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.

---

May 16, 1961. Petition for rehearing denied.