[No. 35742.   Department Two.   July 20, 1961.]

THOMAS CLARK *et al., Appellants,* v. H. D. FOWLER *et al.,*
*Respondents.**

*Knapp & Knapp,* for appellants.

*Richard C. Reed* (of *Brethorst, Fowler, Bateman, Reed &
McClure*), for respondents.

*Reported in 363 P. (2d) 812.

OTT, J.—The contractor commenced this action to recover the alleged balance due him for the construction of the owners' residence. The owners answered, claiming an offset for improper installation of the furnace, and other minor items.

From a judgment in favor of the owners, the contractor has appealed.

The appellant states that "this appeal is based upon the premise that the Conclusions of Law and Judgment are not supported by the Court's Findings of Fact." The findings of fact are as follows:

"(1) At all times herein mentioned and referred to, defendants were and now are husband and wife, and as such constitute a marital community; . . .

"(2) At all times herein mentioned and referred to, defendants were and now are owners of the following described real property in King County, Washington, commonly known as 2047 - 100th S. E., Bellevue, Washington: [legal description].

"(3) In November, 1956, pursuant to a written contract, plaintiff commenced to perform labor and furnish materials in the construction of a residence for the defendants on the property described above. Defendants moved into and occupied said residence during the early summer of 1957. The contract, plans and specifications were prepared by defendants' architect.

"(4) Disagreements arose between the plaintiff [appellant] and defendants [respondents] as to the meaning of certain terms in their contract and also as to whether plaintiff's work had complied with the contract in several instances. Because of these disagreements, defendants refused to pay the balance due plaintiff under the contract of $898.96. The main dispute involved the furnace operation, which heating system had been installed by a sub-contractor of the plaintiff.

"(5) That the heating specifications (plaintiff's Exhibit 4, Paragraph O) provided as follows:

" 'Heating system shall be forced hot air, complete with approved oil burner and G. E. or equal furnace with minimum rated capacity of 150,000 btu. Heating contractor shall give written guarantee to heat the house to 72 degrees with an outside temperature of 10 degrees above zero F., and also guarantee that it shall not take longer than 2 hours to

warm to 70 degrees from 60 degree night setback with 30 degree temperature outside.

"'Provide & install 16 bbl. oil storage tank with vent located as directed, and Minneapolis-Honeywell clock-type thermostat & controls.

"'Contractor shall submit layout & specifications of equipment & registers to be used for Architects' approval. All registers shall be adjustable. Ducts shall be between joists wherever possible, or in furred down areas and held to minimum depth as close to ceiling as possible, all to Architects approval.

"'All work & equipment shall be guaranteed for 1 year from date of final acceptance, and balancing of system shall be included in guarantee on a three year basis.'

"(6) That the heating contractor gave a guarantee as follows and then went out of business within one year thereafter but prior to the time the dispute arose:

"'To Whom It May Concern:

"'Electro-Watt Heating Company guarantees the Electro-Watt oil furnace, Model RD-2248-C (rating 160,000 BTU), installed at 2047 - 100th S.E. Mercer Island, home of Mr. H. D. Fowler, to heat said house to 72 degrees Fahrenheit at the thermostat installed in a location approved by Electro-Watt Heating Company, with the outside temperature as low as 10 degrees Fahrenheit; that said furnace shall also, within a period of two hours, be capable of heating said house to 70 degrees Fahrenheit at the thermostat, location approved by Electro-Watt Heating Company, from a 60 degree night setback with 30 degree Fahrenheit outside temperature; provided the air filters in the furnace are clean and normal house openings are closed. This guarantee is limited to one year after date of installation.

"'Electro-Watt Heating Co.

s/ Harold Miller

Installation Department'

"The guarantee supplied by the heating contractor and the guarantee called for by the contract were written by persons untrained in the law. The wording of the two guarantees is not identical in form but expresses the intent of the parties.

"(7) That the furnace as installed does not heat the house to the standard required in the specifications. The furnace itself was installed as called for by the plans, specifications and contract. The hot air outlets and cold air returns were located substantially as shown on the plans. The hot and cold air ducts were installed according to a

plan prepared by the heating contractor, which plan was approved by the architect in the manner prescribed by the contract. That the plaintiff, as contractor, despite efforts to remedy the heating system, has been unsuccessful in his efforts.

"(8) The heating system does not properly heat the house. The basic cause of the inadequate heat is the faulty design of the ducts, hot air outlets and cold air returns. To correct the heating system would cost at least Two Thousand Dollars ($2,000.00), which is the reasonable amount of damages sustained by the defendants Fowler.

"(9) That preliminary to the execution of the contract between the parties, the plaintiff Thomas E. Clark represented that he was a qualified builder and contractor and was capable of constructing a residence in accordance with plans and specifications provided and in accordance with good building practices. That pursuant to said contract, the plaintiff undertook construction of said residence. Numerous changes or extras were agreed upon by the parties, for which the defendants have paid extra.

"(10) In an attempt to settle their dispute, plaintiff and defendant met in the spring of 1958 and agreed that if plaintiff would install an additional duct (not called for by the contract), defendant would pay plaintiff the balance due under the contract. Plaintiff thereafter installed the duct, but defendant refused to pay. Thereafter, on June 17, 1958, at defendant's request, plaintiff insulated the additional duct, and performed other labor to correct, change and supplement work previously done. That at the time of making this agreement, in the spring of 1958, both the plaintiff and defendant considered and were aware of all disputed items contained in the complaint, answer and cross-complaint herein.

"(11)  That on July 31, 1958, plaintiff filed with the Auditor of King County a proper Notice of Claim of Lien for the above balance,  .  .  .

"(12) That the defendants paid all sums due under the contract or for extras except the sum of $898.96.

"From the foregoing Findings of Fact, the court makes the following:

"CONCLUSIONS OF LAW

"(1) That the defendants Fowler are entitled to recover against Thomas Clark and Jane Doe Clark, his wife, the sum of Two Thousand Dollars ($2,000.00), less Eight Hundred Ninety-Eight Dollars and Ninety-Six Cents ($898.96), or a total of One Thousand One Hundred One

Dollars and Four Cents ($1,101.04), plus their costs and disbursements herein to be taxed."

The judgment is as follows:

"It Is Hereby Ordered, Adjudged and Decreed that the defendants H. D. Fowler and Mrs. H. D. Fowler shall be and they are hereby awarded judgment against Thomas Clark and Jane Doe Clark, his wife, in the amount of One Thousand One Hundred One Dollars and Four Cents ($1,-101.04), together with their costs and disbursements herein to be taxed."

The findings of fact do not support the judgment. As indicated above, the court found that the contract plans and specifications were prepared by respondents' architect (finding No. 3); that the contractor " 'shall submit layout & specifications of [heating] equipment & registers to be used for Architects' approval,' " and that there must be a written guarantee of performance from the heating contractor (finding No. 5). The contractor furnished the written guarantee from the heating contractor (finding No. 6). "The furnace itself was installed [by the contractor] as called for by the plans, *specifications* and contract" (finding No. 7). (Italics ours.) "The basic cause of the inadequate heat is the faulty design of the ducts, hot air outlets and cold air returns" (finding No. 8).

If the furnace met the specifications of the respondents' architect and was installed according to respondents' plans and contract, but failed to function properly because of the improper design (approved by respondents' architect) of ducts, outlets, and cold air returns, the findings of fact do not support a conclusion of legal liability on the part of the appellant contractor. The architect was the agent of the respondents. When the architect approved the design and the contractor installed the furnace in conformity with it, the contractor's obligation to the respondents under the contract, in this respect, was fulfilled. Further, by finding of fact No. 10, all of the factual elements to establish accord and satisfaction were found by the court to have been proved. *Trompter v. United Ins. Co.*, 51 Wn. (2d) 133, 316 P. (2d) 455 (1957); *Bellingham*

*Securities Syndicate v. Bellingham Coal Mines,* 13 Wn. (2d) 370, 125 P. (2d) 668 (1942), and cases cited.

In this appeal, there is no statement of facts. We therefore accept these findings of fact as verities. *Wilder v. Baker,* 57 Wn. (2d) 479, 358 P. (2d) 133 (1960). The conclusions of law based upon these findings of fact do not support a judgment for the respondents.

The judgment is reversed, and the cause remanded with instructions to enter conclusions of law and judgment in conformity herewith or, in the alternative, to enter such other findings of fact and conclusions of law as the record will sustain.

The appellant has included as a part of the transcript the court's oral decision and certain exhibits. These items are properly a part of the statement of facts and cannot be included in the transcript. Rule on Appeal 35, RCW Vol. 0; *Wilder v. Baker, supra.* The respondents have moved to strike these items and also to strike from the appellant's brief those portions which refer to the questioned parts of the transcript in this appeal. The motion to strike is granted.

The costs on this appeal shall abide the final determination of the cause. In the event the appellant should prevail, no costs will be assessed against the respondents for the items stricken.

Finley, C. J., Hill, Donworth, and Hunter, JJ., concur.