[No. 37398.     Department One.     October 14, 1965.]

In the Matter of the Estate of EDGAR BLODGETT and WILLETTA BLODGETT, *Deceased.*

J. J. ROLLER, as *Administrator, Respondent,* v. EDSON R. BLODGETT et al., *Appellants.**

*Edson R. Blodgett,* pro se.

*Roller, Barker & Turco,* by *J. J. Roller* and *William J. Barker,* for respondent.

KELLY, J.†—These appeals stem from certain orders entered by several judges of the Superior Court of Pierce County in probate proceedings removing the appellant Edson R. Blodgett as administrator and appointing an administrator *de bonis non;* also from the action of the new administrator to collect rent from appellant for his use and occupancy of the estate property.

*Reported in 406 P.2d 638.

†Judge Kelly is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, §2(a) (amendment 38), state constitution.

Edgar Blodgett and Willetta Blodgett, residents of Tacoma, Pierce County, Washington, both died intestate in Tacoma prior to January 18, 1955. They left real and personal property therein subject to probate. They were survived by two sons, Ross L. Blodgett and Edson R. Blodgett, appellant herein, also residents of Pierce County.

On the above date, appellant petitioned to be appointed administrator of both estates and, on January 31, 1955, was appointed as such. However, differences immediately arose between the two brothers and, in an obvious effort to pacify both and establish peace in the probate procedures, the same judge amended his order and appointed the other brother, Ross L. Blodgett, as a coadministrator.

The principal asset of the estate was a house divided into two separate living quarters which the court later allowed to be occupied one-half by each brother and his family. The relationship between the brothers was less than cordial and, in June of 1955, Edson Blodgett petitioned the probate court to remove his brother as coadministrator and also to remove Ross from the half of the house which he was then occupying. The contents of the petition to remove Ross L. Blodgett and the affidavits and counteraffidavits filed therein indicate the extent of the feeling of animosity existing between the brothers.

In the meantime, Ross L. Blodgett apparently being involved in some financial difficulties and in need of money, gave a deed or a mortgage conveying his one-half undivided interest in the property to one Johnson and one Tucker and their respective wives in consideration of the grantees' executing a note as guarantors for Ross L. Blodgett. Sometime later Ross L. Blodgett died. The situation now existing was that Edson Blodgett was the sole administrator and he and his wife were in full possession of the real property referred to. Later on, Johnson and Tucker, the grantees or mortgagees in the conveyance by the deceased brother, petitioned for the removal of Edson Blodgett as administrator and asked for the appointment of appraisers in order to close the estate. The surviving widow of the deceased Ross Blodgett also petitioned for the removal of Edson

Blodgett and, upon a hearing on November 5, 1955, another judge of the Pierce County Superior Court signed an order removing Edson Blodgett as administrator and appointed the National Bank of Washington to act. The bank, however, declined to qualify; and the order of removal was appealed by Edson Blodgett. The appeal was dismissed by the Supreme Court on December 8, 1961, for lack of prosecution. In the meantime, and for at least 4 years, there was no progress in the probate proceedings. In the fall of 1961, Ross E. Blodgett, the son of the deceased Ross L. Blodgett, petitioned for letters showing that he was executor of his father's estate and qualified to be appointed in his grandparents' estates. This petition was, of course, met by the objection of Edson Blodgett, the appellant herein.

The matter finally came on for hearing in probate court and it was at the conclusion of this hearing that still another judge appointed J. J. Roller administrator *de bonis non* of the estates in question. Mr. Roller is a member of the bar of this state. To this appointment, Ross L. Blodgett's widow, and his son, and the grantees or creditors referred to, Johnson and Tucker, made no objection. An order to this effect was prepared by Mr. Roller at the direction of the court and the court signed it in the presence of Edson Blodgett in open court, although over his objection, and also signed an order requiring Edson Blodgett to deliver all property to the administrator *de bonis non* upon his qualifying, which Mr. Roller did at once. The entire matter was sent back to the probate court for further proceedings. It was at this point that the appellant herein appealed again to this court.

Appellant appeared pro se on the briefs and argued the case before this court. It was apparent that some confusion existed in his mind as to the errors he alleges were committed by the various judges of Pierce County, since the inception of this probate in 1955. However, considering the sincerity of the appellant, we have gone through the record carefully and gleaned or winnowed out what grounds, if any, the appellant is relying upon for reversal in this case. They may be summarized as follows: (1) that the trial court

erred in allowing his brother, now deceased, to remain as coadministrator; (2) the removal of himself as administrator; (3) the trial court's summarily appointing J. J. Roller as administrator herein without formal notice or hearing after the administrator Blodgett, appellant, was removed and his coadministrator, his brother, had died; (4) the issuance of an order directing him, as administrator, to deliver the assets of his late brother over to the new administrator; (5) that the trial court had no authority to issue an order directing him to show cause why he should not be held in contempt for failing to deliver the assets over to the administrator; (6) that the quitclaim deed given by his brother to Johnson and others divested the brother entirely of any interest in the estate; (7) that the court erred in not dismissing the action of the new administrator (respondent) against appellant for loss of rent and use of the property.

The appellant invites us to virtually disregard all rules of procedure, practice, and citations referred to in the respondent's brief, stating he feels that cluttering the files with such citations of law is superfluous and wholly unnecessary in this situation as the facts are clear and unassailable, and the common sense of this court is counted upon to make a just ruling. As invited, our efforts have been devoted toward making a just ruling, but without violence to the rules and statutes indicated by this court in other cases.

Assignment of error No. 1 is moot in that Ross L. Blodgett, the brother and former coadministrator, is now deceased.

Considering alleged errors No. 2 and No. 3 together, we find them to be without merit, either in fact or in law.

The probate court has authority by law to remove one administrator and appoint another for any cause it deems sufficient, and the ruling is subject to review only if it is arbitrary and capricious, which was not so in this case. Judging from the record indicating the attitude and conduct of the brothers toward each other, hampering the orderly administration of the estate, the court's orders of removal and replacement were fully justified and necessary.

■ The new administrator has the right and duty to recoup, preserve, inventory and have the estate appraised, and petition for distribution of same within the time contemplated by law. See RCW 11.28.160 and 11.28.300; *In re Thomas' Estate*, 167 Wash. 127, 8 P.2d 963, 80 A.L.R. 819 (1932); *Denton v. Schneider*, 80 Wash. 506, 142 Pac. 9 (1914).

What has been stated above applies likewise to alleged errors Nos. 3, 4, 5, and 7.

■ As to alleged error No. 6, Ross L. Blodgett, during his lifetime, had the right to encumber his vested part of the estate. Whether he disposed of his fee interest or only encumbered it in some way may yet have to be determined before a decree of distribution can be entered. His estate may still have an interest in his parents' estates (the subject of this litigation); likewise, his grantees or mortgagees, whatever their status may be. Appellant, in any event, is not being prejudiced. *National Bank of Commerce v. Peterson*, 179 Wash. 638, 38 P.2d 361 (1934).

We find nothing in the record in this case indicating that the Superior Court of Pierce County, having contact with this case over the past 10 years, did, or failed to do, anything other than it was empowered or required by law to do in the handling of this probate. Likewise, nothing done or attempted to be done by the respondent herein was other than with the sanction of the court and in accordance with the law.

The orders appealed from are, therefore, affirmed.

This court directs that the superior court proceed with dispatch to terminate any matters holding up the closing of this estate and to close it at the earliest possible moment. It should be noted that the delay, in the court's opinion, has been due largely to the contentious attitude and acts upon the part of the appellant herein. The record reflects the unbounded patience and consideration already shown by the various judges of Pierce County in this matter. We do not think that patience should be further tried. It is within their power to terminate this vexatious litigation.

ROSELLINI, C. J., WEAVER, HUNTER, and HAMILTON, JJ., concur.

December 20, 1965. Petition for rehearing denied.