[No. 39469.    Department Two.    November 21, 1968.]

J. J. ROLLER, *as Administrator, Respondent,* v. EDSON R. BLODGETT *et al., Appellants.*\*

*Edson R. Blodgett,* pro se.

*Ruff & Potter,* for respondent.

GAINES, J.†—The respondent is the administrator de bonis non of the estate of Edgar Blodgett and Willetta Blodgett, residents of Pierce County, Washington, who both died intestate at Tacoma before January 18, 1955, leaving the family home, the subject of this action, and certain personal property. The Blodgetts were survived by two sons, Ross L. Blodgett, and Edson R. Blodgett, one of the appellants. The history of the bitter differences between the sons, the necessity for substituting respondent as administrator de bonis non, and the authority of respondent as such administrator to maintain this action to recover rent from appellants and to obtain possession of the real property for the purpose of proceeding with the orderly administration of the estate are set out in detail in *In re Blodgett's Estate,* 67 Wn.2d 92, 406 P.2d 638 (1965).

\*Reported in 447 P.2d 601.

†Judge Gaines is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The appellants, Edson R. Blodgett and his family, have resided in his parents' home since their death without paying rent and without recognizing the interest of his brother. It is true that the brother, Ross L. Blodgett lived in a portion of the home with court approval during the first few years after the parents' death but always with the disapproval of appellants. In the meanwhile the brother, Ross L. Blodgett gave a deed or mortgage of his interest in the estate to third parties and has since died testate.

The trial court awarded a money judgment for rent against appellants less certain offsets for taxes and local improvement assessments paid by them, and further decreed that respondent administrator de bonis non was entitled to possession of the real property of the estate as against appellants.

The appellants, who have appeared throughout these proceedings pro se, challenge the judgment below as follows:

> This is an appeal from the judgment of the Superior Court, signed and entered on Dec. 21, 1966, whereby Superior Court Judge Robert A. Jacques ruled that the appellants, and the community of them composed, was liable to the respondent in the sum of $7,894.71, principal and interest to the date of judgment, plus costs and disbursements of the "administrator" who was respondent in the action.

The appellants failed to file a statement of facts although they did send forward what appears to be an uncertified copy of a transcription of testimony taken at the trial. Accordingly, we must assume the lower court's findings of fact are sustained by the evidence. *Chace v. Kelsall,* 72 Wn.2d 984, 435 P.2d 643 (1967); *In re Hollibaugh v. Prosser,* 58 Wn.2d 18, 360 P.2d 737 (1961); *Wilder v. Baker,* 57 Wn.2d 479, 358 P.2d 133 (1960).

In view of the fact that appellants appear pro se the copy of the transcribed testimony has been read and is found to support the findings of fact, conclusions of law and judgment of the lower court. The uncertified record also discloses the infinite patience of the trial judge as he listened hour after hour to the obsessed assertions of appellant, Edson R. Blodgett, predicated upon untenable contentions

that his parents orally gave him the family home and that his brother inherited no interest in the parents' estate.

As an assignment of error appellants contend the superior court should not have tried the claim for rent. We have already decided in *In re Blodgett's Estate, supra,* that respondent does have the right and duty to maintain this action.

Appellants urge that the judgment was in part barred by the statute of limitations, but this claim is without merit because their only right to possession of the property or to the rents and profits therefrom was necessarily derived from the appointment of appellant, Edson R. Blodgett, as administrator of his parents' estate. *In re Peterson's Estate,* 12 Wn.2d 686, 123 P.2d 733 (1942).

The community nature of the judgment for rent is also challenged by appellants. Since the rental was for occupancy of the premises by appellants as their family home, it falls into the classification of a family necessity and hence was both a community obligation and the personal obligation of appellants. RCW 26.16.205; *Strom v. Toklas,* 78 Wash. 223, 138 Pac. 880 (1914).

Careful review of the record discloses no error and impels us to repeat the admonition in *In re Blodgett's Estate, supra,* at 96:

> This court directs that the superior court proceed with dispatch to terminate any matters holding up the closing of this estate and to close it at the earliest possible moment. It should be noted that the delay, in the court's opinion, has been due largely to the contentious attitude and acts upon the part of the appellant herein. The record reflects the unbounded patience and consideration already shown by the various judges of Pierce County in this matter. We do not think that patience should be further tried. It is within their power to terminate this vexatious litigation.

The judgment of the lower court is affirmed.

FINLEY, C. J., HILL, HAMILTON, and NEILL, JJ., concur.

January 22, 1969. Petition for rehearing denied.