[No. 1528-1. Division One. December 10, 1973.]

ARTHUR JAY GROSSMAN, *Respondent*, v. OSCAR K. WILL *et al.*, *Defendants*, MELVIN G. HEIDE *et al.*, *Appellants*.

MARTIN PERLIN, *Respondent*, v. OSCAR WILL *et al.*, *Defendants*, MELVIN G. HEIDE *et al.*, *Appellants*.

142

*Malcolm L. Edwards, Jack E. Wetherall,* and *William M. Robinson,* for appellants.

*Barnett, Robben, Blauert & Pease* and *William Merchant Pease,* for respondent.

HOROWITZ, J.—Plaintiffs Perlin and Grossman each recovered a summary judgment by default on promissory notes, including attorney's fees, against defendants Heide, husband and wife, "individually and as a community." The court in each case denied defendants' timely motions to set aside the judgment and then adhered to that denial on defendants' respective motions for reconsideration. Defendants Heide appeal the judgments, the orders refusing to vacate them, and the denial of the Heides' motions for reconsideration. The appeals have been consolidated for hearing.

The basic question raised is whether Mrs. Heide's showing in support of her motions to vacate and to reconsider prima facie establishes a defense on the merits to each action. A subsidiary question raised is whether an attorney purporting to serve and file an appearance for her in each case had authority by virtue of his office, and without her express knowledge and consent, to bind her to a stipulation claimed by plaintiff creditors to waive her defenses on the merits to the claims asserted against her. We answer the first question in the affirmative, the second in the negative, and accordingly reverse the orders from which the appeals are taken.

When the trial court finally refused to set aside the judgments in each case, the following were the controlling facts

at least prima facie established. Plaintiffs, in their respective cases, sued the same individual defendants and their respective wives, including defendants Heide. In each case, the complaints alleged the date and execution of the notes by Melvin G. Heide on behalf of himself individually and on behalf of the marital community composed of the defendants Heide. The complaints did not allege the date defendants Heide were married; however, the later affidavits supporting the motion to vacate the judgments establish prima facie the date of marriage was October 12, 1969—after certain of the notes had been executed and delivered. Each of the notes was the separate obligation of defendant Melvin G. Heide; the notes were not community obligations, and Mrs. Heide was not individually liable thereon.

PERLIN ACTION

The facts are these: On September 24, 1970, plaintiff filed an action on two installment notes against defendants Heide and others. The first note was for $5,000, executed and delivered on May 29, 1969, before marriage, and signed "WAKEFIELD INVESTMENTS, by: Oscar Will, by: Melvin G. Heide." The second note was for $8,300, executed and delivered on December 22, 1969, after marriage, and signed "WAKEFIELD INVESTMENTS, Melvin G. Heide."

On November 2, 1970, at Mr. Heide's request, attorney Douglas R. Hendel served and filed a notice of appearance for all defendants, including "Jane Doe Heide." Mrs. Heide (LaRayne M. Heide), however, neither knew of nor expressly authorized Mr. Hendel to appear for or represent her in the litigation.

On November 9, 1970, attorney William M. Robinson, at the request of Mrs. Heide, filed a notice of appearance for her and by mail served plaintiff's attorneys with a copy of that appearance. The attorney substitution procedure provided by RCW 2.44.040-.050 was not utilized.

On November 12, 1970, settlement negotiations culminated in the execution of a stipulation by "the parties hereto" settling the litigation. Plaintiff Perlin and his attor-

144

neys signed; attorney Douglas R. Hendel signed as "Attorney for defendants OSCAR K. WILL, MELVIN G. HEIDE, ARTHUR COOPERSTEIN." Defendants Will and Melvin G. Heide signed, as did Wakefield Investments, a limited partnership, by Arthur Cooperstein, Trustee, General Partner. Attorney Hendel did not sign as attorney for LaRayne M. Heide and she did not sign. She was not an expressly named party to the stipulation. Paragraph 7 of the stipulation reads:

7. In the event that the defendants fail to make any of the payments above specified, it is agreed plaintiff shall be entitled to judgment against the defendants and each of them . . . In such event, plaintiff shall file a motion for entry of judgment, which judgment is hereby confessed and consented to, provided only, that plaintiff give at least ten (10) days written notice of plaintiff's application for entry of said judgment, and cause the same to be served by registered mail on the defendants' counsel, DOUGLAS R. HENDEL, at his office address in Seattle, Washington . . .

Defaults in the stipulated payments occurred. Plaintiff on December 23, 1971, then filed an affidavit-supported "Motion for Summary Judgment" based on the defaults mentioned. The supporting affidavit referred to the "stipulation filed herein"; stated "[t]hat under the terms of said stipulation, defendants were to pay . . ." The affidavit did not note the absence of Mrs. Heide's signature on the stipulation, nor the absence of attorney Hendel's signature on that stipulation on her behalf. Plaintiff also served on attorney Hendel a note for motion docket fixing January 7, 1972, as the hearing date. Neither defendants Heide nor attorney Robinson were served with copies of the motion and notice, nor knew of them. Attorney Hendel's affidavit in support of the defendants' motion to vacate the summary judgment explains that:

At the time of service, I was not aware that I was the attorney of record for defendants Heide and assumed that William M. Robinson, an attorney at law, whom I knew to be Mr. Heide's personal attorney, would appear on their behalf and resist said motion.

No one appeared to resist the motion. Plaintiff then obtained what plaintiff calls a "summary judgment," and what defendants call a "default summary judgment," against defendants Heide on January 7, 1972, for the amounts claimed.

On January 19, 1972, defendants Heide, pursuant to CR 60 (b) (1), served upon the plaintiff's attorneys of record and filed a "Motion to Vacate Default Summary Judgment." Plaintiff was not otherwise served. On January 20, 1972, attorney Robinson likewise served and filed an appearance for defendant Melvin G. Heide and the marital community composed of the Heides. The motion to vacate was supported by affidavits of attorneys Hendel and Robinson, and the Heides. At the same time, the Heides obtained an ex parte injunction enjoining the collection of the judgments. The injunction was later vacated and is no longer material to the issues here. Plaintiff's attorneys appeared generally to resist the motion and injunction. The record of the case before the court, together with the affidavits supporting the motion to vacate the default judgment, subject to what is next stated, embodies the substance of the facts heretofore reviewed. The affidavits also contain a claimed defense apparently argued below, but no longer relied upon.

The trial court denied the motion to vacate, the order reciting "that no valid defense exists on the part of defendants Heide . . ." He later denied the motion for reconsideration notwithstanding Mrs. Heide meanwhile had filed a supplemental affidavit stating in part:

[T]hat at the time of execution of said Stipulation by Mr. Hendel, I had never met him, never retained him, and never authorized him to act on my behalf in this or any other matter, had no knowledge of the Stipulation and had retained William M. Robinson to act as my attorney in this matter; and that to the extent that Mr. Hendel may have purported to act on my behalf in executing said Stipulation, said acts were without my authorization and knowledge and that at no time did I ever agree to personally assume any obligations in this or any other

action on behalf of my marital community or myself individually for any separate debts of my husband, defendant Melvin G. Heide.

The statement of facts certified by the trial court includes the following narrative statement:

No court reporter was present during these proceedings. During the proceedings before the court, Mr. Hendel advised the court that he had never met the defendant, LaRayne M. Heide; that he had never been authorized by her to represent her; that he was not authorized to execute the stipulation filed herein on her behalf; that the former interest of the defendant Melvin G. Heide in Wakefield Investments was Mr. Heide's separate property and not community property; and that the defendant LaRayne M. Heide had received no consideration for the execution by Mr. Hendel of the stipulation filed herein.

It does not appear whether Mr. Hendel's statements to the court were made at the time of the hearing on the motion to vacate or at the time of the hearing on the motion for reconsideration, or on both occasions.

GROSSMAN ACTION

The controlling facts in Grossman are largely similar to and parallel those in the Perlin case. There are differences, including amounts and dates, but, as in Perlin, the showing is the notes were the separate obligations of defendant Melvin G. Heide; were not community obligations; and that Mrs. Heide was not individually liable thereon. Other differences include the following: The Grossman stipulation of settlement is signed by Douglas R. Hendel on behalf of his law firm as "Attorneys for Defendants." It is also signed by defendants Oscar K. Will, Melvin G. Heide, and Wakefield Investments, a limited partnership, by Arthur Cooperstein, Trustee, General Partner. Mrs. Heide is not a specifically mentioned "party hereto," and she did not sign the stipulation. It is at least not clear whether Mr. Hendel's use of the word "defendants" after his signature was intended to bind any defendant "party hereto" other than those who actually signed the stipulation. Furthermore, in Grossman, unlike in Perlin, only attorney Hendel served and filed an

appearance on behalf of Mrs. Heide. Attorney Robinson entered no appearance in Grossman until January 20, 1972, sometime after the default or summary judgment had been taken. Mr. Robinson's affidavit in Grossman explains he entered no appearance for Mrs. Heide because Mr. Hendel's office informed him it had entered an appearance for both defendants Heide. Mrs. Heide did not serve or file a supplemental affidavit in the Grossman case similar to the supplemental affidavit she filed in the Perlin case. Furthermore, the narrative statement contained in the Perlin case statement of facts is not included in the statement of facts certified by the trial court in the Grossman case. Notwithstanding the differences described, Grossman and Perlin are sufficiently similar to permit common consideration of the questions raised on this appeal from the default judgments entered and the orders refusing to set them aside.

A moving party may have a judgment set aside under CR 60(b)(1) for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." The motion to vacate must be supported by an affidavit of the applicant or his attorney "setting forth a concise statement of the facts or errors upon which the motion is based, and if the moving party be a defendant, the facts constituting a defense to the action or proceeding." CR 60(e)(1). The facts stated must support at least prima facie the defense to the claim asserted. *See generally White v. Holm,* 73 Wn.2d 348, 438 P.2d 581 (1968); *Yeck v. Department of Labor & Indus.,* 27 Wn.2d 92, 176 P.2d 359 (1947); *National Sur. Corp. v. Shoemaker,* 195 N.W.2d 134 (S.D. 1972).

The orders refusing to vacate the judgments appealed from do so on the basis there is no valid defense to the actions involved. The defenses referred to apparently involve defenses to the merits of plaintiffs' actions without regard to the validity of the settlement stipulations and the possible waiver of any such defenses resulting from the stipulations. The record does not support the recital. Plain-

tiffs cannot and do not contend that under the then applicable law defendants Heide's showing is insufficient to prima facie establish the notes sued on were only the separate obligations of Melvin G. Heide—not the obligations of the Heide marital community or of Mrs. Heide individually. *Yakima Plumbing Supply Co. v. Johnson,* 149 Wash. 257, 270 P. 829 (1928); *National Bank of Commerce v. Green,* 1 Wn. App. 713, 463 P.2d 187 (1969). Plaintiffs contend, rather, (1) attorney Hendel's signature on the stipulations is sufficient to bind her individually; (2) Perlin was required to recognize Mr. Hendel as Mrs. Heide's attorney in the absence of compliance with RCW 2.44.040-.050, and Mr. Hendel accordingly had authority to bind Mrs. Heide by stipulation of settlement under RCW 2.44.010; (3) each judgment is a consent judgment which cannot be reviewed on appeal; (4) the court had no jurisdiction to vacate the judgments; and (5) the court did not abuse its discretion in refusing to vacate the judgments. We do not agree with plaintiffs' contentions.

It clearly appears that, except as to defendant Melvin G. Heide, the judgments were entered as a result of the kind of mistake and inadvertence described in CR 60(b)(1). Mr. Heide had a right to authorize attorney Hendel to enter an appearance for him in each case. Mr. Heide likewise signed the settlement stipulations in each case. He is bound by the judgments against him because entered in conformity with the stipulations he signed. The presumption the judgments against Mr. Heide are binding on his marital community is rebuttable. Heide's showing prima facie rebuts the presumption.

Mrs. Heide's appeal is a different matter. The record shows she is a victim of a series of mistakes for which she is personally not responsible—mistakes which should not prevent her from showing she has a defense to the merits of the respective plaintiff's claims. Thus, Mr. Heide mistakenly believed that as Mrs. Heide's husband he had authority to authorize Mr. Hendel to appear for and bind Mrs.

Heide individually by that appearance. *See U.S. Lumber Co. v. McDonald,* 68 Wn.2d 741, 415 P.2d 77 (1966); *Yakima Plumbing Supply Co. v. Johnson, supra.* If Mr. Hendel intended to appear for Mrs. Heide individually, he mistakenly believed he was properly authorized so to do. In Perlin, the above-quoted narrative statement shows Mr. Hendel agreed he had no authority from Mrs. Heide to appear for her or to bind her to the stipulation. Mrs. Heide's supplemental affidavit is to the same effect.

 Furthermore, the stipulation neither contains her signature nor the signature of attorney Hendel as an attorney on her behalf. Even had attorney Hendel purported to sign the stipulation on her behalf, he would have exceeded his authority. An attorney, even with authority to appear for a client, absent an emergency otherwise requiring, does not have implied authority to compromise and settle his client's rights. Express authority is required. *See Barton v. Tombari,* 120 Wash. 331, 336, 207 P. 239 (1922); *In re Houts,* 7 Wn. App. 476, 499 P.2d 1276 (1972); 7 Am. Jur. 2d *Attorneys at Law* §§ 121, 126, 128 (1963); 7 C.J.S. *Attorney and Client* §§ 79, at 897, 100(a)(1), at 918, 100(c), 105 (1937).

In Grossman, unlike Perlin, Mrs. Heide made no showing she had not retained Mr. Hendel to represent her. Attorney Robinson did not appear in Grossman because attorney Hendel's office informed him it was appearing for the Heides. There is no showing, however, that Mrs. Heide ever knew of this conversation or authorized attorney Robinson to refrain from entering an appearance in Grossman in reliance on the conversation mentioned.

Plaintiff Grossman, nevertheless, in executing the settlement stipulation, was charged with knowledge that, absent an emergency, an appearing attorney does not have implied authority by virtue of his office to compromise and settle his client's rights. *Precious v. O'Rourke,* 270 Mass. 305, 170 N.E. 110 (1930); *Strauss v. Rabe,* 97 N.J. Eq. 208, 127 A. 188 (1925), *aff'd,* 98 N.J. Eq. 700, 130 A. 920 (1925); *Union*

150

*Central Life Ins. Co. v. Toliver*, 152 Ore. 185, 52 P.2d 1129 (1936); 3 Am. Jur. 2d *Agency* §§ 78, 79, 262 (1962); 2A C.J.S. *Agency* §§ 36, 168, 169 (1972); 7 C.J.S. *Attorney and Client* § 79 (1937).

The absence of Mrs. Heide's signature on the stipulation and the ambiguous reference to "defendants" under attorney Hendel's signature—a reference capable of meaning defendants who were "parties hereto," *i.e.*, the signing defendants, was sufficient to put plaintiff Grossman on notice concerning attorney Hendel's lack of actual authority to bind Mrs. Heide to the stipulation.

Plaintiff Perlin then argues he was required to recognize Mr. Hendel as Mrs. Heide's attorney notwithstanding attorney Robinson's appearance in Perlin because there was no compliance with RCW 2.44.040-.050. The latter statute provides:

> When an attorney is changed, as provided in RCW 2.44.040, written notice of the change, and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party; until then, he shall be bound to recognize the former attorney.

Assuming arguendo the statute applies when there is in fact no attorney-client relationship between the first appearing attorney and his purported client, the statute still does not help plaintiff Perlin. The attorney he is required to recognize must still have express authority to settle. There is no such express authority here.

Nor does RCW 2.44.010 provide the requisite authority to bind Mrs. Heide to the stipulations. That statute reads:

> An attorney and counselor has authority:
> (1) To bind his client in any of the proceedings in an action or special proceeding by his agreement duly made, or entered upon the minutes of the court; but the court shall disregard all agreements and stipulations in relation to the conduct of, or any of the proceedings in, an action or special proceeding unless such agreement or stipulation be made in open court, or in presence of the clerk, and entered in the minutes by him, or signed by the party against whom the same is alleged, or his attorney;

The statute deals with stipulations "in relation to the conduct of, or any of the proceedings in, an action or special proceeding . . ." It does not purport to change the common-law rule that the attorney does not have implied authority to waive the substantive rights of the party by the compromise settlement agreement. The statute, furthermore, applies only when there is in fact an attorney-client relationship. According to Mrs. Heide and attorney Hendel, that relationship did not exist in Perlin. To hold the statute applies when there is no actual attorney-client relationship would invite extremely mischievous consequences. Thus in Perlin, the judgment against Mrs. Heide is based on an unauthorized settlement stipulation she never signed and of which she had no prior notice, negotiated by an attorney she never employed. If the judgment based on such a stipulation is allowed to stand, Mrs. Heide's separate property and the marital community property would be subjected to the payment of Mr. Heide's separate debts and Mrs. Heide would be deprived of her day in court to obtain the required protection.

▆▆ Plaintiffs then contend the judgments are consent judgments which cannot be reviewed on appeal. We do not agree the judgments are consent judgments. The Perlin judgment was based upon the stipulation to which Mrs. Heide was not a party either by the signature of herself or by attorney Hendel. In Grossman, the judgment was based upon an ambiguous stipulation which arguably could be construed as settling the rights of only the defendants who actually signed. Had Mrs. Heide had notice of the hearing, she might have made a showing to support the argument that when an ambiguity creates a material issue of fact, a summary judgment should not be entered. *Peoples Mortgage Co. v. Vista View Builders,* 6 Wn. App. 744, 496 P.2d 354 (1972). Furthermore, an unauthorized consent judgment is not a valid judgment at all. It does not bind the alleged judgment debtor. *See Copeland Planned Futures, Inc. v. Obenchain,* 9 Wn. App. 32, 510 P.2d 654 (1973). Had

Mrs. Heide been a party to authorized stipulations, she would have been deemed to have waived her defenses to the merits of the claims asserted against her. That is not the case here. *See Washington Asphalt Co. v. Harold Kaeser Co.*, 51 Wn.2d 89, 316 P.2d 126, 69 A.L.R.2d 752 (1957).

Plaintiffs contend the court had no jurisdiction to vacate the judgments because the motions to vacate and for reconsideration were not served upon them. It is true CR 60(e)(3) requires the motion to vacate, affidavit and order to show cause be "served upon all parties affected in the same manner as in the case of summons in a civil action . . ." However, RCW 4.28.020 provides: "A voluntary appearance of a defendant is equivalent to a personal service of the summons upon him." The attorneys for the plaintiffs in each case voluntarily appeared to defend against the motions. Their appearance cured the defect claimed.

Plaintiffs argue the court properly denied the motions involved because the showing of attorney Hendel's lack of authority was not made until after the denial of the motions to set aside the judgments. They repeat the judgments were taken strictly in accordance with the stipulations "signed by appellants' attorney of record." The argument fails to give effect to the fact that (1) in Perlin Mrs. Heide was not a party to and did not sign the stipulation; (2) in Grossman not only did Mrs. Heide not sign the stipulation, but it is at least unclear and questionable whether attorney Hendel, in purporting to sign the stipulation as attorney for the "defendants," meant any defendant other than those who actually signed; (3) in Grossman, as well as in Perlin, plaintiffs fail to show that Mrs. Heide had expressly authorized Mr. Hendel to sign a stipulation on her behalf containing paragraph 7 above quoted; (4) Mrs. Heide's supplemental affidavit in Perlin—not disputed by attorney Hendel—further supported the showing of lack of authority apparent on the record when defendants' motion to set aside the default summary judgment was argued.

The judgment in each case against defendant LaRayne M. Heide individually and against the Heide marital community is reversed with directions that further proceedings taken be consistent with this opinion.

FARRIS and WILLIAMS, JJ., concur.